Hans Juergen **EBERBACH, Renate Eberbach, Appellants (Plaintiffs Below)**

v.

Ronald L. **McNABNEY, Special Administrator of the Estate of Hanson W. Castor, Deceased, Appellee (Defendant Below).**

No. 2–979A292.

Court of Appeals of Indiana,
Second District.

Dec. 22, 1980.

---

James E. Freeman, Jr., Sansberry, Dickmann, Dickmann & Freeman, Anderson, for appellants.

Daniel J. Harrigan, Edgar Bayliff, Bayliff, Harrigan, Cord & Maugans, P. C., Kokomo, Horace C. Holmes, Holmes & Quigley, Tipton, for appellee.

SHIELDS, Judge.

Hans and Renate Eberbach (Eberbachs) appeal from the trial court's grant of summary judgment[1] in the favor of the Special Administrator[2] of the Estate of Hanson W. Castor, decedent (Special Administrator).

The Eberbachs raise three issues:[3]

1. Whether failure to give notice of the appointment of a special administrator estops the special administrator from raising the statute of limitations against the claimants of the estate;

2. Whether substitution of the special administrator of the deceased's estate as defendant after expiration of the limitations period relates back to the date of a timely filed complaint naming the deceased as defendant.

3. Whether the trial court erred in granting summary judgment when a genuine issue of material fact existed as to compliance with the requirements of Ind.Rules of Procedure, Trial Rule 15(C).

The facts necessary to this appeal follow:

February 28, 1976 a collision occurred involving three automobiles, driven and occupied by: (1) Harriet Sweeney with Sharon Jackson as passenger; (2) Hanson W. Cas-

---

1. The Eberbachs also appeal from the trial court's denial of their motion entitled "Objection of Failure to State a Legal Defense Pursuant to Ind.Rules of Procedure, Trial Rule 12(H)(2)" to strike Special Administrator's affirmative defense of statute of limitations as set out in Special Administrator's answer to the Eberbachs' complaint. Since Special Administrator's motion for summary judgment addresses the identical issue—the statute of limitations defense—we shall address these motions together.

2. Brooks Sweeney was appointed Special Administrator for the Estate of Hanson W. Castor January 25, 1978, and the transactions pertinent to this appeal occurred during his special administration. The petition for substitution of Ronald L. McNabney, named party defendant

to this appeal, as Successor Special Personal Representative, was granted April 9, 1979, the same date the trial court rendered final judgment on the motion for summary judgment. Our reference in this opinion to the Special Administrator is to Brooks Sweeney.

3. These issues are a consolidation of the seven issues set out in the Eberbachs' brief. In the Eberbachs' sixth issue they allege the Special Administrator is "estopped by its Act of Consolidation." We assume they are referring to the consolidation of the Eberbach and Sweeney suits on March 13, 1978 upon Harriet Sweeney's motion; however, this issue is not developed sufficiently within the meaning of Ind. Rules of Procedure, Appellate Rule 8.3(A)(7) to enable our review.

tor with his wife Evangeline as passenger, and (3) Hans Eberbach with his wife Renate as passenger.

December 21, 1977 Harriet Sweeney and Sharon Jackson brought suit for damages arising from the collision naming Hanson W. Castor as defendant. Castor died March 29, 1977. January 25, 1978 Brooks Sweeney, Harriet Sweeney's husband, was appointed Special Administrator of Castor's estate. February 14, 1978 Harriet Sweeney filed an amended complaint naming Brooks Sweeney, Special Administrator, Estate of Hanson W. Castor, Deceased, as defendant. Summons was issued and received by Brooks Sweeney and February 17, 1978 Edgar Bayliff entered his appearance for Brooks Sweeney, Special Administrator.

February 24, 1978 the Eberbachs filed a separate suit for damages arising out of the same collision, naming Hanson W. Castor, Evangeline Castor, and Harriet Sweeney as defendants. Summonses were issued. Harriet Sweeney's return of summons was signed in her name. Evangeline and Hanson Castor's returns were signed by William I. Williams who is not further identified in this litigation.

March 13, 1978 Edgar Bayliff entered his appearance for Evangeline Castor only and filed a motion to dismiss for failure to state a claim, which motion was granted.

March 17, 1978, upon Harriet Sweeney's motion, the Sweeney suit and Eberbach suit were consolidated by the agreement of all the parties. This consolidation occurred within the 18 months statute of limitations applicable to the survival of actions against a decedent pursuant to IC 34–1–2–7 (Burns Code Ed.).[4]

October 23, 1978, eight months after the running of the statute of limitations for personal injury[5] and one month beyond the expiration of the statute of limitations applicable to the survival of actions against a decedent, the Eberbachs moved to substitute Brooks Sweeney as Special Administrator for the Estate of Hanson W. Castor, as defendant. Subsequently, Edgar Bayliff entered his appearance for Sweeney as Special Administrator and filed an answer and a motion for summary judgment, raising the affirmative defense of statute of limitations.

We will address the second issue first: Substitution of the special administrator for the decedent after expiration of the period of limitation. The Eberbachs urge the applicability of Ind.Rules of Procedure, Trial Rule 15. It is essentially their position that the motion to substitute was an attempt to amend their earlier complaint under T.R. 15, and that pursuant to T.R. 15(C) the amendment of parties should relate back to the date of the original complaint.

Special Administrator, relying on case law of other jurisdictions, contends a suit brought against a decedent is a nullity. *Thompson v. Peck*, (1935) 320 Pa. 27, 181 A. 597, 8 A.L.R.2d 6, 118 (1949), and that an amendment cannot relate back to a nullity.

In resolving this issue, we acknowledge the law of other jurisdictions supporting the appellee's "nullity" theory. *Reed v. Long*, (1970) 122 Ill.App.2d 295, 259 N.E.2d 411; *Barnhart v. Schultz*, (1978) 53 Ohio St.2d 59, 372 N.E.2d 589; *Mercer v. Morgan*, (1974) 86 N.M. 711, 526 P.2d 1304; *Thompson*. However, we do not find that this legal rhetoric foreclosed the use of T.R. 15(C) in the instant case.

T.R. 15(C), identical to Fed.R.Civ.P. 15(c),[6] provides in pertinent part:

---

4. IC 34–1–2–7 (Burns Code Ed.) provides:

"If any person entitled to bring, or liable to any action shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representatives and may be brought at any time after the expiration of the time limit within eighteen [18] months after the death of such person."

5. IC 34–1–2–2 (Burns Code Ed.) reads in pertinent part:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

"First. For injuries to person or character ... within two [2] years ...."

6. Indiana courts have expressed a willingness to apply federal interpretation of Fed.R.Civ.P.

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Under the clear wording of the trial rule, the amendment will relate back if within the limitation period the substituted party received notice of the action and knew or should have known he was the intended party.

In the case of *Loudenslager v. Teeple*, (3rd Cir. 1972) 466 F.2d 249, the third circuit dealt with a factually similar situation. A complaint was filed naming Margaret Teeple (who was at that time deceased) as defendant. Plaintiff did not move to amend his complaint to name Teeple's personal representative as defendant until the limitations period had run. The federal district court, relying on Pennsylvania state law, held a suit commenced against a decedent is a nullity, and a nullity cannot be amended. In reversing the district court, the third circuit, having found the matter to be procedural, applied the Federal Rules of Procedure and determined Federal Rule 15(c) permitted this amendment of parties to relate back to the date of the original complaint. Where the conditions of Federal Rule 15(c) were met, according to the opinion, the amendment would relate back.

15(c) to Ind.Rules of Procedure, Trial Rule 15(C). *Chrysler Corporation v. Alumbaugh,*

Special Administrator incorrectly relies on *Moul v. Pace*, (D.Md.1966) 261 F.Supp. 616, as support for the nullity theory. True, the *Moul* court noted state law on the nullity theory, but its holding was based on whether the requirements of Federal Rule 15(c) were satisfied. Since the administrator in that case was not appointed until the statute of limitations had run, the court found the administrator could not have had notice of the suit within the meaning of Federal Rule 15(c), as would be necessary to allow relation back of the substitution of the administrator for the originally named decedent.

Indiana law has not reached the specific question before us, however it has applied T.R. 15(C) to the substitution of an erroneously named defendant, misnomer of defendant, and failure to name a defendant in the correct capacity. *Chrysler Corporation v. Alumbaugh*, (1976) 168 Ind.App. 363, 342 N.E.2d 908; *Ryser v. Gatchel*, (1972) 151 Ind.App. 62, 278 N.E.2d 320, *Mays v. Parker*, (1970) 147 Ind.App. 81, 258 N.E.2d 666. In the *Chrysler* case the plaintiff named Chrysler Motor Corporation, the distributing arm of the Chrysler operation, as defendant. After expiration of the limitations period, the plaintiff substituted Chrysler Corporation, the manufacturing entity, as defendant. The court concluded the plaintiff's failure to name the correct party, wherein the true defendant had notice of the suit and should have known it was the intended party within the meaning of T.R. 15(C), was a technical error. The court allowed relation back of the amendment. The court found persuasive the reasoning of the 10th Circuit case of *Travelers Indemnity Co. v. United States*, (10th Cir. 1967), 382 F.2d 103, 106:

"This purpose is not furthered by giving Rule 15 lip service rather than full fealty. Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the add-

(1976) 166 Ind.App. 363, 342 N.E.2d 908.

ed party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed. Thus the reasons [sic] amendments are to be granted freely as justice requires, and the trial court's decision to allow amendment will not be upset unless a clear abuse of discretion exists."

342 N.E.2d at 913. (citations omitted)

The situation before this court may be categorized as a misnomer of party. Essentially the plaintiff has sued an entity, Hanson Castor, by the wrong name. Though Castor is dead, his legal existence is not extinguished, but shifted to the special administrator of his estate[7] in existence at the date of the original complaint. The special administrator stands in the shoes of the decedent in defending against liability for his alleged torts.

■ In light of Indiana's prior application of T.R. 15(C) and its liberal rules of pleading, and the federal law interpretation of Federal Rule 15(c), we conclude, as a matter of law, the Eberbachs' substitution of the special administrator, appointed prior to the original complaint, could relate back to the date of the original complaint naming the decedent as defendant *if* the conditions of T.R. 15(C) were met.

■ Our determination of the applicability of T.R. 15(C) to this controversy raises the factual question of compliance with the requirements of T.R. 15(C): whether the special administrator (1) received such notice of the action he will not be prejudiced in maintaining his defense and (2) knew or should have known the action would have been brought against him but for a mistake of identity. In light of the existence of these genuine issues of material fact, the grant of summary judgment was improper.

Given our resolution of Issues 2 and 3, we need not address appellant's Issue 1.

We reverse the grant of summary judgment and remand to the trial court for a hearing on whether requirements of T.R. 15(C) were met.[8]

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

7. I.C. 29–1–10–15 (Burns Code Ed.) provides for the appointment of special administrator. It reads in pertinent part:

"A special administrator may be appointed by the court if:

(a) From any cause delay is necessarily occasioned in granting letters, or

(b) Before the expiration of the time allowed by law for issuing letters, any competent person shall file his affidavit with the clerk ... that there is no one having authority to take care of the same, or ....

"The appointment of a special administrator may be for a specified time to perform duties respecting specific property, or to perform particular acts as shall be stated in the order of appointment ....

"The special administrator shall make such reports as the court shall direct, and shall account to the court upon the termination of his authority. Otherwise, and except as the provisions of this code by terms apply to general personal representatives, and except as ordered by the court, the law and procedure relating to personal representatives in this code shall apply to special administrators. The order appointing a special administrator shall not be appealable."

The order of the court directed the clerk to issue "Special Letters of Administration to Brooks Sweeney upon the estate of Hanson W. Castor, deceased." Although I.C. 29–1–10–15 allows the court by a specific statement in the order of appointment to limit the appointment of a special administrator for "a specified time to perform duties respecting specific property, or to perform particular acts," the subject order did not include any limitation. Therefore, we must conclude the Special Administrator in this instance represents the interest of the deceased as it relates to the accident of February 28, 1976.

8. We note the arguable application of the Indiana Journey's Account Statute, IC 34–1–2–8 (Burns Code Ed.) to this controversy.