Donna J. VESOLOWSKI, Mother and Next Friend of Suzanne Vesolowski, a Disabled Minor, and Donna and Charles Vesolowski, individually, Appellants (Plaintiffs Below),

v.

Walter A. REPAY, M.D., Appellee (Defendant Below).

No. 45S03–8803–CV–348.

Supreme Court of Indiana.

March 24, 1988.

Gary K. Matthews, Enslen, Enslen & Mathews, Terrence M. Rubino, Rubino & Padula, Hammond, for appellants.

David C. Jensen, Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, for appellee.

SHEPARD, Chief Justice.

This case brings before us the issue of whether the Indiana Journey's Account Statute can operate to save a child's medical malpractice action originally brought within the statute of limitations. We hold that it can.

Suzanne Vesolowski was born on January 3, 1975, with severe and permanent brain damage. Suzanne's mother, Donna Vesolowski, had been under the care of Dr. Walter Repay during the course of her pregnancy.

On October 21, 1980, Donna Vesolowski brought an action in Illinois on behalf of Suzanne. The action alleged Suzanne's brain damage resulted from Dr. Repay's negligence. Dr. Repay contested the Illinois court's jurisdiction over him. He stated he saw Donna Vesolowski only in his office in Munster, Indiana, and at St. Margaret's Hospital in Hammond. The trial court quashed the summons, concluding that it had no personal jurisdiction over the doctor.

When the Illinois court dismissed Suzanne's suit, the Indiana statute of limitations on medical malpractice actions had not yet run. Suzanne's attorneys failed to refile the claim in Indiana. Suzanne's parents subsequently filed a legal malpractice action in Illinois on her behalf against the attorneys who represented her. The attorneys moved to dismiss that action on the ground that the Indiana Journey's Account Statute, Ind.Code § 34–1–2–8, allowed Suzanne to refile her medical malpractice action in Indiana despite the running of the statute of limitations. The Illinois trial court agreed and dismissed the Vesolowskis' legal malpractice claim with prejudice.

The controversy before us started on August 5, 1985. The Vesolowskis filed a medical malpractice action against Dr. Repay in Indiana. The action included Suzanne's original claim, brought on her behalf by her mother, and claims by both parents brought for the first time. The action sought a declaration that the Journey's Account Statute saved the medical malpractice claim. Dr. Repay moved to dismiss the complaint arguing the statute of limitations had run as to both Suzanne and her parents. The trial court granted the motion stating, "[T]he Journey's Account Statute does not have any applicability to actions for medical malpractice. . . ."

The Vesolowskis appealed the dismissal. The Court of Appeals held the Journey's Account Statute did not save medical malpractice actions refiled beyond the statute of limitations. *Vesolowski v. Repay* (1987), Ind.App., 505 N.E.2d 130. Presiding Judge Garrard concurred in result with the dismissal of the parents' claims and dissented to the dismissal of Suzanne's complaint.

We grant transfer to consider the applicability of the Journey's Account Statute to a medical malpractice action.

## I. *Journey's Account Statute: Background and Purpose*

At common law suits often were dismissed on technical grounds. In such cases, the plaintiff could file another writ known as a Journey's Account. The renewal suit was deemed to be a continuation of the first. The time to bring another suit was computed theoretically with reference to the time required for the plaintiff to journey to where court was held. *Pennsylvania Co. v. Good* (1913), 56 Ind.App. 562, 566, 103 N.E. 672, 673.

Although the common law remedy is no longer recognized, Indiana has created a statutory remedy in its place. Indiana's Journey's Account Statute, Ind.Code § 34–1–2–8, provides:

> If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abated, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for purposes herein contemplated.

The "purposes herein contemplated" are determinations of when an action has commenced.

The Journey's Account Statute is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits. Its broad and liberal purpose is not to be frittered away by narrow construction. *Abele v. A.L. Dougherty Overseas, Inc.* (N.D.Ind. 1961), 192 F.Supp. 955, 957.

## II. *Journey's Account Statute and Medical Malpractice*

■ Dr. Repay contends the Journey's Account Statute does not apply to medical malpractice actions, citing *Guy v. Schuldt* (1956), 236 Ind. 101, 138 N.E.2d 891. He argues that because the legislature drafted the medical malpractice statute after the Journey's Account Statute, the medical malpractice statute should control any conflict between the two.

In *Guy* this Court concluded that a statutory provision extending the statute of limitations in instances of fraudulent concealment could not be an exception to the statute of limitations for medical malpractice claims because the fraudulent concealment statute predated the medical malpractice statute of limitations by nearly fifty years. *Id.* at 105, 138 N.E.2d at 893. The fraudulent concealment statute in *Guy*, however, is different from the statute in this case. The Journey's Account Statute is not an exception to the statute of limitations; it merely allows the continuation of a previous suit filed within the statute of limitations.

If some conflict existed between the Journey's Account Statute and the medical malpractice statutes, we would have to reconcile the two. But there is no conflict. The medical malpractice statute of limitations applies to the filing of claims. The Journey's Account Statute presupposes the timely filing of a claim and applies in certain instances when the original claim fails. As Judge Garrard said, "Both sections may be applied *in toto* with no conflict." *Vesolowski*, 505 N.E.2d at 133.

Such an interpretation is consistent with the plain language and purpose of the statutes. The Journey's Account Statute does not specifically exclude medical malpractice actions and will provide relief from the running of a statute of limitations when the plaintiff meets the requirements of the statute.

## III. *Application of Journey's Account Statute*

■ In order to claim the saving power of the Journey's Account Statute, a plaintiff must have filed his original cause of action timely. *Ware v. Waterman* (1969), 146 Ind.App. 237, 253 N.E.2d 708. Moreover, the decision ending the original action must not have been on the merits. *Good*, 56 Ind.App. at 567, 103 N.E. at 674. Finally, the plaintiff must meet the conditions set forth in the Journey's Account Statute.

As for the timeliness requirement, Suzanne's claim must be distinguished from those of her parents. Medical malpractice actions must be "filed within two [2] years from the date of the alleged act, omission or neglect except that a minor under the full age of six [6] years shall have until his eighth birthday in which to file." Ind.Code § 16–9.5–3–1 (Burns 1983 Repl.). Suzanne was born on January 3, 1975. The statute of limitations bars her parents' claim because they failed to file by January 3, 1977. The parents' claim was not part of the original Illinois suit and was not added until August 5, 1985, the time the Indiana suit began. Donna and Charles Vesolowski's claims do not meet the timeliness requirement of the Journey's Account Statute and thus cannot be saved by it. Suzanne's original claim, however, was timely. She filed in Illinois on October 21, 1980, more than two years before her eighth birthday.

■ Suzanne is also qualified to invoke the Journey's Account Statute because the trial court dismissed her original suit on jurisdictional grounds without reaching the merits.

The final question is whether Suzanne meets one of the four statutory conditions. The Journey's Account Statute applies when any of these four situations occurs:

1) the plaintiff fails from any cause except negligence in the prosecution;

2) the action abated;

3) the action is defeated by the death of a party; or

4) judgment is arrested or reversed on appeal.

Dr. Repay argues that Suzanne's failure to refile in Indiana after the dismissal of her suit in Illinois amounts to negligence in the prosecution of the first action. While this may be so, Suzanne's initial action still

qualifies under the second condition in the Journey's Account Statute.

Under the rules of procedure in vogue when the Journey's Account Statute was adopted, a defendant properly questioned jurisdiction by filing a plea of abatement. *See Eel River Railroad Co. v. State* (1896), 143 Ind. 231, 42 N.E. 617. An abatement is the overthrow or destruction of an action. In this case, the Illinois trial court quashed the summons in the first action because it had no jurisdiction over Dr. Repay. It "abated" Suzanne's action within the meaning of the Journey's Account Statute. Because Suzanne meets the second statutory condition, the Journey's Account Statute saves Suzanne's claim.

The opinion of the Court of Appeals is vacated. The trial court's entry of dismissal against Donna and Charles Vesolowski is affirmed. The cause is remanded to the trial court with directions to reinstate Suzanne's claim.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.