Jesse **ZAMBRANA, Jr.,**
Plaintiff–Appellant,

v.

Jack **ANDERSON, Defendant–Appellee.**

No. 37A03–8809–CV–300.

Court of Appeals of Indiana,
Third District.

Feb. 13, 1990.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Ruth M. Hennage, Portage, for plaintiff-appellant.

Harold G. Hagberg, Stanley L. Pondo, Spangler, Jennings, Spangler & Dougherty P.C., Merrillville, for defendant-appellee.

GARRARD, Judge.

Jesse Zambrana, Jr. was involved in an automobile collision with Jack Anderson on March 30, 1984. On March 27, 1986 Zambrana filed his complaint against Anderson to recover for personal injuries and property damage.

Service of process was attempted on March 31, 1986 but was returned unserved with the notation that Anderson had died (from unrelated causes) on January 6, 1986.

On July 22, 1986 Zambrana had a special administratrix appointed for the estate of Anderson for the purpose of proceeding with litigation.

The administratrix acknowledged personal service of the summons and complaint three days later. Counsel appeared in August and filed an answer, commenced discovery and moved for a change of venue.

The problem is that Zambrana failed to take any action to name the estate as a party to the litigation or substitute the administratrix as a party defendant until after the estate filed a motion to dismiss or in the alternative secure summary judgment on April 28, 1988, more than a year and a half later.

The court denied Zambrana's subsequent motion to amend the complaint and granted

summary judgment for the defendant. This appeal followed.

Pursuant to IC 34–1–2–2 Zambrana had two years to commence his action for injuries to person and property. When Anderson died during that period, IC 34–1–2–7 extended the time for commencing the action for eighteen months following his death, or until July 6, 1987.

Pursuant to IC 29–1–14–1(f) a negligence claim may be enforced against the estate of a deceased tortfeasor by filing suit against the special representative of the estate within the period of limitations.

Additionally, IC 34–1–1–1 concerning the survival of actions provides:

> All causes of action shall survive, and may be brought notwithstanding the death of the person ... liable to such action, ... against the representative of the deceased party....
>
> \*    \*    \*    \*    \*    \*
>
> [I]n event the action be brought subsequent to the death of the party against whom the cause existed, then the same shall be presented as other claims against said decedent's estate.[1]

Thus, it would appear that Zambrana's action should fail because he failed to make the estate a party to the litigation within the period of the extended statute of limitation provided by IC 34–1–2–7. Zambrana presents three arguments seeking to avoid that consequence.

First, he contends that pursuant to Indiana Rules of Procedure, Trial Rule 15(C) he should be permitted to amend his complaint making the special administratrix a party with the amendment relating back to the filing of his original complaint on March 27, 1986.

The rule provides:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.[2]

■ In *Martin v. Levinson* (1980), Ind. App., 409 N.E.2d 1239 (Garrard, J. dissenting), *transfer denied* this court considered a similar plaintiff's appeal where the prospective defendant had died before the plaintiff's action was commenced. Martin, the plaintiff, learned of the death of Agnew, the alleged tortfeasor, sometime between November 17, 1976 when an alias summons was returned stating that the defendant was deceased and May 18, 1977 when he wrote to the decedent's insurer acknowledging that fact. Even so, no attempt was made to secure the appointment of a special administrator and substitute him as a party until after September 30, 1977. It further appeared that the extended limitation period provided by IC 34–1–2–7 had expired October 30, 1976, before Martin learned of the death.

The trial court granted summary judgment for the administrator and the issues presented on appeal were whether the insurer and estate should be estopped to assert the limitation because of the insurer's conduct and whether IC 34–1–2–8 might save the action against the administrator.

That statute provides:

> If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new

---

1. IC 29–1–14–1 authorizes filing a claim in the estate or proceeding with a special representative. There is no contention that a claim was filed in Anderson's estate.

2. The reference to satisfying the foregoing provision refers to the requirement that the proposed amendment concerns the same conduct, transaction or occurrence set forth in the original pleading.

action may be brought within five (5) years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated.

This court reviewed the insurance company's activity and concluded it did not amount to fraud nor was it calculated to lead the other party to inaction so as to create an estoppel. In addition, the court held that IC 34–1–2–8 had no application.

We need not recite herein the course of dealings between Zambrana and Anderson's insurance carrier. It is sufficient to note that Zambrana's counsel maintained contact with the insurance carrier, that the carrier was aware of the suit, and of the appointment of the special administratrix, and did nothing calculated to mislead Zambrana into failing to comply with the statute.

■ Nor is IC 34–1–2–8 available to Zambrana. Even if our decision in *Martin v. Levinson* should be reexamined in light of the supreme court's decision in *Vesolowski v. Repay* (1988), Ind., 520 N.E.2d 433, which considered the proper application of the Journey's Account Statute, it would not avail Zambrana. One of the conditions to application of that statute is that the prior action was defeated from some cause other than negligence in the prosecution.

Ordinarily that phrase applies to a failure to diligently prosecute as required by TR 41(E), but the language of the statute is more broad. It covers any failure of the action due to negligence in prosecution.

In the present case, if the initial action failed it was because Zambrana failed to name the special administratrix a party. Since Zambrana was aware of Anderson's death more than a year before the statute of limitations expired, and was not misled into not naming the proper party, the failure to do so was necessarily negligent. IC 34–1–2–8 is not applicable.

■ Zambrana maintains, however, that his case is distinguishable from *Martin v. Levinson* and that he is entitled to amend strictly within the application of TR 15(C).

He points to the fact that within the extended statutory period he secured the appointment of a special administratrix and served her with summons and a copy of the complaint. Moreover, to the extent that the insurance carrier had a protectable interest distinct from that of a special administratrix appointed solely for the purpose of litigation, it too was aware of all that transpired.

Thus, Zambrana argues that he literally complied with the relation back requirements of TR 15(C), viz. the proper party received notice by a copy of the complaint and summons so that she was not prejudiced in maintaining her defense on the merits, and she (and the carrier) should have known that but for a mistake concerning the identity of the proper party the action would have been brought against her.

A statement in the majority opinion in *Martin* militates against that argument. There in its consideration of the possible application of the Journey's Account Statute the court said that the original complaint had failed because of the death of the named defendant. "Thus, no action was commenced." 409 N.E.2d at 1245.

This view that commencement of an action against someone already deceased is a nullity was considered and rejected by our second district shortly after the decision in *Martin.*

In *Eberbach v. McNabney* (1980), Ind. App., 413 N.E.2d 958 the court reversed a summary judgment in favor of a special administrator. In that case there had been a collision involving three automobiles. Within the limitation period A sued B, discovered that he had died, secured the appointment of a special administrator, and substituted the administrator as a party defendant.

Subsequently C brought suit over the same collision naming A and B as defendants. On A's motion the two suits were consolidated by agreement of the parties, again within the limitation period. However, it was after the limitation period had expired when C finally moved to substitute the special administrator for B as defendant.

In reversing the trial court's finding that TR 15(C) was inapplicable the court considered at length and rejected the theory that a suit commenced against someone already deceased was a mere nullity. 413 N.E.2d 960–62. The court concluded that since a special administrator for B had, in fact, been appointed within the limitation period and the requirements of TR 15(C) had been met, the situation should be categorized as a misnomer of party and the amendment should be allowed.

In the light of TR 3 we think this the better view. Under that rule:

A civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute.

Thus, an action is commenced upon filing the complaint even though service of process is not achieved. *Geiger & Peters, Inc. v. Am.F.N.B.* (1981), Ind.App., 428 N.E.2d 1279; *see also State ex rel. Long v. Marion Sup. Ct.* (1981), 275 Ind. 533, 418 N.E.2d 218.

Zambrana's situation is analogous to that in *Eberbach.* The action was commenced within the limitation period and a special administratrix was appointed within that period. Both the administratrix and the insurer had timely notice of the action so that its defense was not prejudiced and they knew that but for a mistake concerning identity of the proper party the action would have been brought against the special administratrix.

 One point remains. The appellee points out that the court has discretion in determining whether to permit an amendment after a responsive pleading has been served. TR 15(A). Thus, it is argued that we can reverse only if the decision was clearly erroneous and the court might have refused the amendment for other reasons.

Here the court entered extended findings which make it clear that the court's reason for denying amendment was that the statute of limitations had expired before the estate was made a party. When the court specifically articulates its reason for exercising its discretion in a particular fashion, we may not on appeal attribute to the court

some other legitimate but unexpressed reason. *City of Elkhart v. Middleton* (1976), 265 Ind. 514, 356 N.E.2d 207, 210.

It follows that the summary judgment must be reversed and the claim remanded for further proceedings consistent herewith.

Reversed and remanded.

HOFFMAN, P.J., and STATON, J., concur.