

FILED

Apr 13 2015, 6:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

W. Brent Threlkeld
Paul A. Jansen
Threlkeld & Associates
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

John P. Schafer
Michael J. Stapleton
Ball Eggleston PC
Lafayette, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Israel Munoz,

*Appellant-Defendant,*

v.

Jerome Woroszylo,

*Appellee-Plaintiff*

April 13, 2015

Court of Appeals Case No.
79A02-1409-CT-679

Appeal from the Tippecanoe County
Superior Court
The Honorable Thomas H. Busch,
Judge
Cause No. 79D02-1406-CT-13

**Bailey, Judge.**

# Case Summary

After a car accident, Israel Munoz ("Munoz"), an Indiana resident, was sued by Jerome Woroszylo ("Woroszylo"), an Illinois resident, in a federal court in Illinois. Woroszylo filed his case in the federal court shortly before the limitations period for a suit expired. Concluding that it lacked personal jurisdiction over Munoz, the federal court in Illinois dismissed Woroszylo's action.

Woroszylo subsequently filed suit in Tippecanoe County, relying upon the Journey's Account Statute[1] to preserve his action. Munoz moved to dismiss, contending that the statute did not operate to preserve Woroszylo's claim. The trial court denied Munoz's motion to dismiss. Munoz sought leave to pursue a discretionary interlocutory appeal of the trial court's order; we granted Munoz's motion.

We affirm.

# Facts and Procedural History

Our statement of the facts in this case follows the standard of review for appeals from a motion to dismiss; we accordingly take as true uncontroverted facts as alleged in the complaint.

---

[1] *See* Ind. Code § 34-11-8-1.

[5] On November 29, 2011, Munoz, a resident of Lafayette, and Woroszylo, a resident of Chicago, Illinois, were involved in a car accident in Clinton County, Indiana. Woroszylo was injured.

[6] On November 11, 2013, Woroszylo filed a complaint for damages against Munoz in the U.S. District Court for the Northern District of Illinois. Munoz filed a motion to dismiss the case.

[7] On April 4, 2014, the federal court granted Munoz's motion, observing that Woroszylo conceded that the U.S. District Court for the Northern District of Illinois lacked personal jurisdiction over Munoz. Rather than order Woroszylo's action transferred to the U.S. District Court for the Northern District of Indiana, which had personal jurisdiction over Munoz, the federal court instead dismissed Woroszylo's action.

[8] After this, on April 15, 2014, Woroszylo filed a complaint in Tippecanoe County, alleging that Munoz was negligent and that this negligence caused Woroszylo's injuries on November 29, 2011.

[9] On June 12, 2014, Munoz filed his motion to dismiss, in which he alleged that Woroszylo's complaint was not timely filed within the two-year statute of limitation applicable to personal injury claims.[2] In response, Woroszylo argued that his claim had been properly preserved and was not time barred under the

---

[2] *See* Ind. Code § 34-11-2-4(a), providing that an action for injury to a person must be commenced within two years after the claim has accrued.

Journey's Account Statute. Munoz replied, arguing that the circumstances of the dismissal of Woroszylo's action in the federal court amounted to negligence under the terms of the Journey's Account Statute, as a result of which the statute did not operate to save Woroszylo's claim from dismissal under the applicable statute of limitation.

On July 31, 2014, after a hearing featuring only argument of the parties, the trial court denied Munoz's motion to dismiss.

On August 29, 2014, Munoz sought this Court's discretionary interlocutory review of the order. On September 3, 2014, the trial court certified for interlocutory appeal its denial of the motion to dismiss. This Court accepted jurisdiction over this appeal on October 31, 2014.

This appeal ensued.

# Discussion and Decision

## Standard of Review

Munoz appeals the trial court's denial of his motion to dismiss for failure to state a claim, as provided by Trial Rule 12(B)(6). A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, but not the supporting facts. *Charter One Mortg. Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind. 2007).

[14] However, the parties submitted additional materials for the trial court's consideration. Where a party designates matters outside the pleadings, a motion to dismiss under Rule 12(B)(6) is treated as a motion for summary judgment under Rule 56. Ind. Trial Rule 12(B). We accordingly review this matter as an appeal from the denial of summary judgment, with Munoz as the movant.

[15] Our standard of review upon appeal from a trial court's ruling at summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C); *Shi v. Yi*, 921 N.E.2d 31, 39 (Ind. Ct. App. 2010). Our review of an order upon a motion for summary judgment is limited to the materials designated to the trial court. *Shi*, 921 N.E.2d at 39. We draw all facts and reasonable inferences therefrom in favor of the nonmovant, and we review summary judgment decisions carefully to ensure a party was not improperly denied its day in court. *Id.*

## The Journey's Account Statute

[16] At the trial court, Munoz sought to dismiss Woroszylo's complaint on the theory that the statute of limitation had run, and thus Woroszylo' complaint was not timely filed. Woroszylo defended the action by claiming that his claim had been preserved under the Journey's Account Statute ("the Statute"), and the trial court agreed, denying Munoz's motion to dismiss.

[17] The Statute provides:

(a) This section applies if a plaintiff commences an action and:

>  (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

>  (2) the action abates or is defeated by the death of a party; or

>  (3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:

>  (1) three (3) years after the date of the determination under subsection (a); or

>  (2) the last date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff.

I.C. § 34-11-8-1.

[18] The Statute is a legislative enactment that takes the place of common law remedies intended to permit lawsuits to continue after dismissals on technical grounds. *See Al-Challah v. Barger Packaging*, 820 N.E.2d 670, 674 (Ind. Ct. App. 2005) (citing *Vesolowski v. Repay*, 520 N.E.2d 433, 434 (Ind. 1988)). The Statute's purpose "is to provide for continuation when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending." *Id.* The Statute "generally permits a party to refile an action that has been dismissed on technical grounds." *Dempsey v. Belanger*, 959 N.E.2d 861, 865 (Ind. Ct. App. 2011), *trans. denied*. To successfully invoke the Statute, "the claimant must have commenced a timely action that failed for reasons other than 'negligence in the prosecution.'" *Id.* at 866 (quoting *Eads*, 932 N.E.2d at 1243). The Statute "'is designed to ensure that the diligent suitor retains the right to a hearing in court

until he receives a judgment on the merits.'" *McGill v. Ling*, 801 N.E.2d 678, 684 (Ind. Ct. App. 2004) (quoting *Vesolowski*, 520 N.E.2d at 434). Thus, the Statute "is to be construed liberally to protect such diligent suitors." *Id.*

[19] The Indiana Supreme Court has observed that "negligence in the prosecution" as set forth in the Statute "is broader than its origin in 'failure to … prosecute as required by Indiana Trial Rule 41(E),' and the term has been said to apply to 'any failure of the action due to negligence in the prosecution.'" *Eads*, 932 N.E.2d at 1244. Thus, negligence in the prosecution has been held to include failure to pay filing fees and naming improper parties. *Id.* (citing *Parks v. Madison Cnty.*, 783 N.E.2d 711, 721 (Ind. Ct. App. 2002); *Zambrana v. Anderson*, 549 N.E.2d 1078, 1081 (Ind. Ct. App. 1990)).

[20] But Indiana courts have also held that the Journey's Account Statute operates to save an action from the statute of limitations bar even when the initial suit in another jurisdiction failed for lack of personal jurisdiction. *Basham v. Penick*, 849 N.E.2d 706, 713 (Ind. Ct. App. 2006) (citing *Ullom v. Midland Indus., Inc.*, 663 F. Supp. 491 (S.D. Ind. 1987)). Thus, in *Basham*, another panel of this Court concluded that Indiana's limitations period applied to a motorist's suit that was initially filed, incorrectly, in Kentucky. The *Basham* Court went on to conclude that even though the Kentucky court lacked personal jurisdiction over the defendant, Basham could pursue her claim in Indiana's courts under the Journey's Account Statute where the Kentucky court decided "there is no clear cut tip of the scales in favor of either side." *Id.* at 713 (citations and quotations omitted).

[21] In response to Woroszylo's contention that the Statute preserved his claim beyond the two-year term of the statute of limitation for negligence actions, Munoz argued that Woroszylo's initiation of an action in the U.S. District Court for the Northern District of Illinois was "negligence in the prosecution of the action." I.C. § 34-11-8-1(a)(1). Munoz also argued that Woroszylo's filing in Tippecanoe County failed to meet a good faith requirement held by Indiana courts to apply implicitly to cases under the Statute. *See Eads v. Community Hosp.*, 932 N.E.2d 1239, 1244 (Ind. 2010).

[22] While Woroszylo's pursuit of his claim in the U.S. District Court for the Northern District of Illinois was plainly a poor decision, we cannot agree with Munoz that it amounts to negligence in the prosecution of the action under the Statute. Woroszylo filed suit in the federal court before the expiration of the Indiana statute of limitations for a personal injury claim. Nor was Woroszylo dilatory in filing suit in Indiana after his claim was dismissed from federal court: Woroszylo's original suit was dismissed on April 4, 2014, and he filed his claim in Indiana less than two weeks later, on April 15, 2014. Indeed, there is no record before us that Woroszylo made any efforts to appeal the federal court's order. At no point did any of this fail to satisfy other statutory bars to Woroszylo's suit, and Munoz's defense of the suit in the federal court demonstrates that he had notice of the claim. *See Eads*, 932 N.E.2d at 1244 (observing that failure to pay filing fees and failure to name necessary parties have been held as negligent pursuit of litigation under the Statute).

Munoz contends that, even if Woroszylo's pursuit of the instant action was not negligent, nevertheless Woroszylo cannot meet the good-faith requirement imputed to the Statute by case law. Munoz is correct that Woroszylo's decision to file suit in the Northern District of Illinois was a poor one. Indeed, the federal court made the following observations in its order:

> Absent any indication that [Munoz] would consent to proceed in this district prior to the filing of the Complaint, [Woroszylo] could have and should have "predicted" that the opposing party in this adversary proceeding would *refuse* to consent [to personal jurisdiction and venue in the Northern District of Illinois].
> ***
> Plaintiff's elementary mistake and ill-advised strategy do not implicate the interest of justice, and thus the Court declines the Plaintiff's invitation to transfer the case [to the Northern District of Indiana].

App'x at 28.

The federal court clearly did not consider Woroszylo's decision to file suit in the Northern District of Illinois to be well-advised; indeed, it considered the decision to be an "elementary mistake" that Woroszylo's Illinois counsel should have avoided. App'x at 28. The federal court's decision rejects Woroszylo's proffered rationale of convenience in pursuit of the litigation, namely, that Woroszylo and his treating physicians all reside in Illinois and that would constitute the most convenient forum for the litigation.

That such an argument would not prevail against a motion to dismiss for lack of personal jurisdiction is, as the federal court observed, an elementary proposition. But hairsplitting distinctions between "in good faith" and "not in

bad faith" aside, there is no evidence that Woroszylo filed suit in federal court with intent to abuse judicial process or create undue delay. As the Indiana Supreme Court observed in interpreting a prior version of the Indiana statute that provides for shifting attorney's fees as a result of bad faith in litigation:

> bad faith is not simply bad judgment or negligence. Rather, it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity. It is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will.

*Mitchell v. Mitchell*, 695 N.E.2d 920, 924 (Ind. 1998) (citations and quotations omitted).

[26] Woroszylo's decision to file suit in the Northern District of Indiana was bad judgment. Bad judgment is not, however, bad faith. *Id.* Indeed, we note that while the federal court had discretionary authority to decline Woroszylo's request that his case be transferred into the U.S. District Court for the Northern District of Indiana, *see* 28 U.S.C. § 1404(a), if Woroszylo had brought suit in an improper venue in an Indiana state court, transfer to an Indiana court with proper venue would have been mandatory under Indiana's venue rules. *See* T.R. 75(B). This reflects Indiana courts' general preference for deciding cases on their merits and for avoiding the construction of procedural obstacles to the presentation of such cases. *Lindsey v. De Groot Dairy LLC*, 867 N.E.2d 602, 606 (Ind. Ct. App. 2007), *trans. denied*. Indeed, the very same policy is served by the Journey's Account Statute.

For all the foregoing reasons, we find no reversible error in the trial court's denial of Munoz's motion to dismiss.

Affirmed.

Riley, J., and Barnes, J., concur.