

I N T H E

# Court of Appeals of Indiana



FILED

Dec 31 2025, 10:31 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

Analise Parsley,

*Appellant-Plaintiff*

v.

Ethan Marasco, Eric Marasco, and Rosiel Marasco,

*Appellees-Defendants*

---

December 31, 2025

Court of Appeals Case No.
25A-PL-352

Appeal from the Marion Superior Court

The Honorable James Joven, Judge

Trial Court Cause No.
49D13-2308-PL-33931

---

**Opinion by Judge Vaidik**
Judges Tavitas and Felix concur.

**Vaidik, Judge.**

# Case Summary

[1] Less than two weeks before the statute of limitations was set to expire, Analise Parsley sued Ethan Marasco and his parents, Eric and Rosiel Marasco, in federal district court for several torts. Parsley alleged that diversity jurisdiction existed because, while she and Ethan's parents lived in Indiana, Ethan lived in Colorado. But under bedrock federal civil-procedure law, there is diversity jurisdiction only if there is no plaintiff and no defendant who are citizens of the same state. Ethan and his parents moved to dismiss the case for lack of diversity jurisdiction because—as Parsley's own complaint alleged—Parsley (the plaintiff) and Ethan's parents (two of the defendants) are citizens of Indiana. After the statute of limitations expired, Parsley filed a nearly identical complaint in state court and then voluntarily dismissed the federal case.

[2] Ethan and his parents sought summary judgment in the state case, alleging that Parsley's complaint was time-barred because it was filed after the statute of limitations had expired. Parsley claimed that Indiana's Journey's Account Statute, Indiana Code section 34-11-8-1, applied. The Journey's Account Statute allows a plaintiff to continue an action in a second lawsuit if the first lawsuit failed for reasons other than negligence in the prosecution. Parsley also argued that equitable tolling applied to save her late-filed state case. The trial court granted summary judgment to Ethan and his parents.

[3] We affirm. Because Parsley's federal complaint, on its face, showed that there was no diversity jurisdiction, we find that her attorneys were negligent in the prosecution of the case for purposes of the Journey's Account Statute. In addition, we find that equitable tolling does not apply.

## Facts and Procedural History

[4] The allegations in Parsley's complaint, which Ethan and his parents accept as true for purposes of summary judgment, are as follows. *See* Eric & Rosiel's Br. p. 10; Ethan's Br. p. 5. In January 2016, when Parsley was in middle school, Ethan created a Snapchat account with the username "PARSLEY.A," which he used to impersonate Parsley. For the next five-and-a-half years, Ethan used the account to solicit sexually explicit photographs of young males in the community by posting sexually explicit images of other females, which he represented to be Parsley. Parsley didn't know who was operating the account and tried to get them to stop, but she wasn't successful. The police eventually got involved and discovered that Ethan had been operating the Snapchat account. Parsley found out that Ethan had been operating the account on June 11, 2021.

[5] On May 31, 2023, less than two weeks before the two-year statute of limitations expired,[1] Parsley filed a complaint against Ethan and his parents in federal district court. *See Analise Parsley v. Ethan Marasco, Eric Marasco, and Rosiel*

---

[1] The parties agree that the statute of limitations is two years. *See* Ind. Code § 34-11-2-4(a).

*Marasco*, No. 1:23-cv-955. The complaint set forth claims of harassment, false light invasion of privacy, intentional infliction of emotional distress, defamation, defamation per se, and negligent parental supervision. The complaint alleged that Parsley and Ethan's parents are citizens of Indiana and that Ethan was believed to be a citizen of Colorado, where he was attending college. Appellant's App. Vol. 2 p. 67. Parsley asserted the following basis for federal jurisdiction:

> This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332, since the parties are completely diverse in citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

*Id.* at 68.

[6] The defendants were served in August 2023. On August 21, Ethan moved to dismiss the complaint for lack of subject-matter jurisdiction. Ethan's parents, who were represented by a different attorney, later joined the motion. Ethan argued that dismissal was required "because the Complaint itself shows – without reference to any external evidence – that complete diversity of citizenship does not exist as required for subject matter jurisdiction under 28 U.S.C. § 1332(a)." *Id.* at 79. 28 U.S.C. § 1332(a)(1), which Parsley relied on, provides that federal district courts have original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. Since 1806, the United States Supreme Court has "read the statutory formulation 'between . . . citizens of different States' to require

complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In other words, "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Here, because Parsley (the plaintiff) and Ethan's parents (two of the three defendants) are citizens of Indiana, there was not complete diversity.

[7] Eight days later, on August 29, Parsley filed a nearly identical complaint in Marion Superior Court. The complaint alleged that it was timely filed because Parsley "originally filed the same causes of action against the same parties in federal court in good faith within the statute of limitations." Appellant's App. Vol. 2 p. 170.

[8] On September 11, Parsley's attorney sent the following email to the attorneys for Ethan and his parents:

> We have reviewed your Motion to Dismiss in the above-referenced matter. We have re-filed this case in State Court, **as the filing in Federal Court was an oversight on our part.** Would you please let us know if you accept service on behalf of your respective clients? We plan to file a voluntary dismissal of the federal court case without prejudice.

*Id.* at 199 (emphasis added). That same day, Parsley filed a Notice of Dismissal Without Prejudice in federal court:

> Plaintiff Analise Parsley, by counsel, pursuant [to] Fed. R. Civ.
> P. 41(a), hereby voluntarily dismisses her claims in this action,
> without prejudice, with each party to bear its own costs and fees.

*Id.* at 200. The federal court acknowledged the dismissal.

In July 2024, Ethan's parents sought summary judgment in the state case, arguing that Parsley didn't file her complaint until after the statute of limitations had expired and thus it was "time-barred." *Id.* at 59. They acknowledged the Journey's Account Statute (JAS), Indiana Code section 34-11-8-1, but asserted that it did not save the complaint:

> [I]t was facially unreasonable for Ms. Parsley, by counsel, to file
> a complaint in federal court based upon diversity jurisdiction
> when the complaint's very allegations defeat diversity of
> citizenship. For this reason, Ms. Parsley (by counsel) was
> negligent in the prosecution of her case, and therefore she cannot
> avail herself of Indiana's Journey's Account Statute.

*Id.* at 62-63. Ethan filed his own motion for summary judgment and joined his parents' motion as well.

Parsley opposed the motions, but she didn't address the key point of Ethan's parents' motion for summary judgment: that her federal complaint, by its very allegations, defeated diversity jurisdiction since the plaintiff and two of the defendants are Indiana citizens. Rather, Parsley claimed that she initially filed the case in federal court because she believed Ethan lived in Colorado but then when "Defendants advised that was not the case, [she] agreed to re-file in State Court." *Id.* at 156 n.2.

In reply, Ethan's parents pointed out that Parsley's response "completely ignore[d]" and "dodge[d]" their argument for why there was no diversity jurisdiction. *Id.* at 205, 206; *see also id.* at 207 (claiming that Ethan's citizenship was a "red herring," as it was "immaterial" to their argument as to why there was no diversity jurisdiction). They emphasized that "**[n]one** of the defendants moved to dismiss the Federal Complaint based on the issue of Ethan's citizenship; **none** of the defendants contended that some mistake about Ethan's citizenship is the reason [Parsley's] counsel was negligent in filing in federal court." *Id.* at 207. Moreover, Ethan's parents pointed out that Parsley's stated reason for mistakenly filing in federal court was "plainly false," as when she refiled the case in state court, she still alleged that Ethan was a citizen of Colorado. *Id.*

A summary-judgment hearing was held in January 2025. Parsley's attorney admitted that they had made an "error" in filing the case in federal court but claimed that the error did not amount to negligence in the prosecution. Tr. p. 18. In the alternative, Parsley's attorney argued that equitable tolling applied to save her late-filed state case. The trial court entered summary judgment for Ethan and his parents.

Parsley now appeals.

## Discussion and Decision

Parsley contends that the trial court erred in granting summary judgment to Ethan and his parents. We review a motion for summary judgment de novo,

applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). That is, "The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

[15] Parsley acknowledges that she filed her complaint in state court after the statute of limitations had expired but claims that it was timely under the JAS, which allows, under certain circumstances, "a filing after the applicable limitation period to be deemed a 'continuation' of an earlier claim." *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1243 (Ind. 2010). At common law, suits often were dismissed on technical grounds. *Vesolowski v. Repay*, 520 N.E.2d 433, 434 (Ind. 1988), *reh'g denied*. In such cases, the plaintiff could file another writ known as a Journey's Account, and the renewal suit was deemed to be a continuation of the first. *Id.* "The time to bring another suit was computed theoretically with reference to the time required for the plaintiff to journey to where court was held." *Id.* Although the common-law remedy is no longer recognized, Indiana has created a statutory remedy to take its place. *Id.* The JAS provides:

> (a) This section applies if a plaintiff commences an action and:
>
> > (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
> >
> > (2) the action abates or is defeated by the death of a party; or

(3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:

(1) three (3) years after the date of the determination under subsection (a); or

(2) the last date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff.

Ind. Code § 34-11-8-1. To invoke the benefits of the JAS here, Parsley must have commenced a timely action that failed for reasons other than negligence in the prosecution. *See id.* at (a)(1).[2]

[16] As the Indiana Supreme Court has explained, "negligence in the prosecution" is broader than its origin in failure to prosecute under Indiana Trial Rule 41(E), and "the term has been said to apply to any failure of the action due to negligence in the prosecution." *Eads*, 932 N.E.2d at 1244 (quotation omitted). Our Supreme Court has given examples of "negligence in the prosecution,"

---

[2] Ethan claims that the federal action did not "fail" because Parsley voluntarily dismissed it. We tend to agree with Parsley that her federal action "failed" even though she voluntarily dismissed it, as the writing was on the wall due to lack of diversity. However, we need not decide this issue because even assuming the federal action "failed" for purposes of the JAS, it was due to the negligence of Parsley's attorneys in prosecuting it.

including "failure to pay the filing fee, *Parks v. Madison County,* 783 N.E.2d 711, 721 (Ind. Ct. App. 2002), and naming the wrong party[, *Zambrana v. Anderson,* 549 N.E.2d 1078, 1081 (Ind. Ct. App. 1990)]." *Id.*

[17] In *Zambrana*, the plaintiff sued the defendant for injuries sustained during a car accident. Service was attempted but unsuccessful because the defendant had passed away. Although the plaintiff had a special administratrix appointed for the defendant's estate for the purpose of proceeding with litigation, the plaintiff "failed to take any action to name the estate as a party to the litigation or substitute the administratrix as a party defendant until after the estate" moved to dismiss more than a year and a half later. *Zambrana*, 549 N.E.2d at 1079. The plaintiff moved to amend the complaint to substitute the defendant's estate, but the trial court did not allow it.

[18] On appeal, the plaintiff argued that the JAS saved his complaint. This Court, however, rejected his argument:

> In the present case, if the initial action failed it was because [the plaintiff] failed to name the special administratrix a party. Since [the plaintiff] was aware of [the defendant's] death more than a year before the statute of limitations expired, and was not misled into not naming the proper party, the failure to do so was necessarily negligent.

*Id.* at 1081; *see also Dempsey v. Belanger*, 959 N.E.2d 861, 866 (Ind. Ct. App. 2011) ("Examples of conduct which would likely be deemed negligence in prosecuting a case presumably include dismissal for failure to prosecute,

dismissal for failure to comply with the discovery rules, failure to pay filing fees, and naming the wrong party."), *reh'g denied*, *trans. denied*.

[19] Our Supreme Court discussed negligence in the prosecution in *Eads*. There, the plaintiff fell as she was leaving a hospital on crutches after getting a cast on her leg. She sued the hospital in Lake Superior Court, asserting a premises-liability claim. The hospital moved to dismiss the complaint for lack of jurisdiction, arguing that the complaint alleged medical malpractice and therefore a proposed complaint should have been filed with the Indiana Department of Insurance as required by the Medical Malpractice Act (MMA). Before the trial court dismissed the premises-liability complaint but after the MMA's two-year statute of limitations had expired, the plaintiff filed a proposed complaint with the Department based on the same allegations as the premises-liability complaint. The plaintiff asserted that the JAS applied and therefore the proposed complaint with the Department was a continuation of the premises-liability complaint in Lake Superior Court. The hospital responded that the plaintiff was not entitled to relief under the JAS because her premises-liability complaint failed due to negligence in the prosecution.

[20] On appeal, our Supreme Court explained that "[t]here may be instances where the incorrect assertion of a general negligence claim is 'negligence in the prosecution.'" *Eads*, 932 N.E.2d at 1244. However, it found that dismissal of the plaintiff's premises-liability complaint did not constitute negligence in the prosecution given the "lack of clarity as to the precise boundaries of the MMA's application." *Id.* The Court explained that it was not "necessarily negligent to

have failed to predict where the courts would come down on the application of the statute to a set of facts alleging negligence at the periphery of medical malpractice." *Id.*

[21] Importantly, our Supreme Court distinguished *Eads* from *Mayfield v. Continental Rehabilitation Hospital of Terre Haute,* 690 N.E.2d 738 (Ind. Ct. App. 1998), *trans. denied*. In *Mayfield*, the plaintiff was a patient at a hospital when he wandered off hospital grounds in a disoriented state and became injured. The plaintiff filed a complaint in Vigo Superior Court, alleging that the hospital "negligently failed to implement security procedures to prevent [him] from wandering away." *Id.* at 740. The hospital moved to dismiss for lack of jurisdiction, arguing that the complaint alleged medical malpractice and therefore a proposed complaint should have been filed with the Department of Insurance. The trial court granted the motion to dismiss. Thereafter, the plaintiff filed a motion to amend the complaint to reflect that he was willing to limit his recovery to an amount not greater than $15,000 under a statute that provides a proposed complaint does not have to be filed with the Department if the claim is not greater than $15,000. The trial court denied the motion to amend. The plaintiff filed a proposed complaint with the Department, and the hospital obtained a preliminary determination of law that it was time-barred.

[22] On appeal, this Court found that the JAS wasn't satisfied because the plaintiff's negligence complaint in the trial court failed due to negligence in the prosecution. As we explained, "We can conceive of no reason, other than negligence, why [the plaintiff] could not have filed [his] complaint with the

Department of Insurance within that period." *Id.* at 741. In *Eads*, our Supreme Court distinguished *Mayfield*, explaining that the plaintiff's offer to amend the complaint "suggest[ed] that [he] believed [his] claim was governed by the MMA from the outset." 932 N.E.2d at 1245.

[23] This case is more like *Mayfield* than *Eads*. Parsley argues, as she did in her summary-judgment filings, that her attorneys were not negligent because they didn't know where Ethan lived:

> Analise's lawsuit in the Federal Litigation did not fail due to negligence of her counsel. Ethan, like Analise, had graduated from high school and Analise's counsel believed that Ethan was a citizen of Colorado and attending the University of Denver. This reasonable and good faith belief was the reason that the action was initially filed in federal court. Needless to say, Ethan's citizenship was not easy to determine at the time the complaint was filed in federal court. Analise should not be penalized by the State Litigation ending at this stage because her counsel's reasonable and good faith belief was incorrect.

Appellant's Br. pp. 14-15.[3] But again, Ethan's citizenship was not the jurisdictional flaw in the federal case. There was no diversity jurisdiction because the plaintiff and two of the defendants—Ethan's parents—are citizens of Indiana. As explained above, this is bedrock federal civil-procedure law. And

---

[3] Parsley also argues that she was not negligent in the prosecution of her federal case because had she "allowed the Motions to Dismiss to play out, the Federal Litigation would not be subject to dismissal on the merits, but instead would have been remanded to state court, due to the lack of diversity jurisdiction," under 28 U.S.C. § 1447(c). Appellant's Br. p. 15. But as Ethan's parents point out in their brief, "for Section 1447(c) to apply, the case has to have been filed in state court first, and then removed to federal court. Only then can it be remanded to state court." Eric and Rosiel's Br. pp. 20-21. Parsley doesn't dispute this in her reply brief.

Parsley's complaint, on its face, showed that there was no diversity jurisdiction. Parsley's attorneys have admitted that it was an "oversight," an "error," and a "mistake" to file in federal court.[4] We have little trouble concluding that their "oversight," "error," or "mistake" amounts to negligence in the prosecution and is similar to other instances that have been found to constitute negligence in the prosecution, such as naming the wrong party, as in *Zambrana*, and filing a medical-malpractice case in the trial court instead of the Department of Insurance, as in *Mayfield*.[5]

[24] Alternatively, Parsley, relying on *Torres v. Parkview Foods*, 468 N.E.2d 580 (Ind. Ct. App. 1984), argues that the running of the statute of limitations was

---

[4] Parsley states the following in her reply brief:

> The Marascos accuse Analise's counsel of bad faith for explaining that the erroneous filing of the action in the district court was related to counsel's confusion about Ethan's state of residence. Counsel offered this explanation to provide context for the incorrect selection of the federal forum, not to argue that its selection was correct or to defend the existence of jurisdiction in the federal court. Counsel's filing of the Federal Litigation was a mistake. It was not a mistake made in bad faith.

Appellant's Reply Br. p. 8.

[5] Parsley cites *Munoz v. Woroszylo*, 29 N.E.3d 164 (Ind. Ct. App 2015), for background about the JAS, but she doesn't discuss its facts or argue that it is similar to this case. There, the plaintiff, an Illinois resident, sued the defendant, an Indiana resident, in federal court in Illinois for a car accident that occurred in Indiana. The defendant moved to dismiss for lack of personal jurisdiction. The plaintiff conceded that the Illinois federal court did not have personal jurisdiction over the defendant. "Rather than order [the plaintiff's] action transferred to the U.S. District Court for the Northern District of Indiana, which had personal jurisdiction over [the defendant], the federal court instead dismissed [the plaintiff's] action." *Id.* at 166. The plaintiff then sued the defendant in state court in Indiana. The defendant moved to dismiss, arguing that the complaint was filed after the statute of limitations had expired, and the plaintiff responded that his complaint was timely under the JAS. This Court held, "While [the plaintiff's] pursuit of his claim in the U.S. District Court for the Northern District of Illinois was plainly a poor decision, we cannot agree with [the defendant] that it amounts to negligence in the prosecution of the action under the Statute." *Id.* at 169. Here, the decision was not merely poor, it was negligent.

equitably tolled. *See* Appellant's Br. p. 16 ("The Indiana Court of Appeals created Indiana's equitable tolling doctrine in *Torres*."). In *Torres*, one day before the statute of limitations expired, the plaintiffs filed suit against the defendant in federal court. The defendant moved to dismiss for lack of diversity jurisdiction. Before the federal case was dismissed, the plaintiffs filed suit in state court, which was dismissed because the statute of limitations had run. The *Torres* court explained that the JAS did not apply because the federal case had not been dismissed, i.e., had not failed, when the plaintiffs filed the state case. Nevertheless, it found that the statute of limitations was tolled, making the state case timely:

> [W]e hold that when in good faith a plaintiff brings an action in federal court within the statute of limitations, but it fails for lack of diversity jurisdiction, the statute of limitations is tolled with the filing of the suit for purposes of determining whether a subsequent state action involving the same parties and the same claims is brought within the statute of limitations.

*Torres*, 468 N.E.2d at 583. Notably, this holding doesn't address negligence.

[25] But in *Eads*, our Supreme Court, noting the sequence of events in *Torres*, found that the JAS applies if the new action is filed before or after the failure of the first action. *See Eads*, 932 N.E.2d at 1247 ("Although the more common scenario involves the filing of a new action *after* a claim has failed, the statute does not require that sequence."). As Ethan argues on appeal, *Eads* made tolling under *Torres* inapplicable in these situations because the JAS controls regardless of whether the new action is filed before or after the failure of the first. *See*

Ethan's Br. p. 8 (arguing that "[e]quitable tolling" under *Torres* "became unnecessary in 2010 when the Indiana Supreme Court decided *Eads*"); *see also* Tr. p. 21 (trial court discussing with parties whether *Torres* is still good law). As explained above, the JAS replaced any common-law remedies. Because the JAS applies to the sequence of events presented here, *Torres*'s holding does not control. Parsley must therefore satisfy the JAS's requirements in order for her state complaint to be considered timely. *See* Eric and Rosiel's Br. p. 23 ("If a negligent plaintiff can save her cause through equitable tolling, then the [JAS's] lack of negligence condition would be meaningless."). As discussed above, Parsley has not satisfied the JAS's requirements because her attorneys were negligent in the prosecution. We therefore affirm the trial court's grant of summary judgment to Ethan and his parents.[6]

[26] Affirmed.

Tavitas, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

B.J. Brinkerhoff
Laura M. Taylor
Jeselskis Brinkerhoff and Joseph, LLC
Indianapolis, Indiana

---

[6] As Ethan and his parents point out, this does not mean that Parsley is without a remedy. She can pursue a claim for legal malpractice.

ATTORNEY FOR APPELLEE ETHAN MARASCO

Matthew Foster
Clapp Ferrucci
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES ERIC MARASCO AND ROSIEL MARASCO

Janelle P. Kiles
J. Neal Bowling
Lewis Wagner & Trimble
Indianapolis, Indiana