ATTORNEYS FOR PETITIONER:
**DAVID A. SUESS**
**DANIEL R. ROY**
**BENJAMIN A. BLAIR**
FAEGRE BAKER DANIELS LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**KELLY S. THOMPSON**
**ZACHARY D. PRICE**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

**JESSICA R. GASTINEAU**
SPECIAL COUNSEL - TAX LITIGATION
OFFICE OF CORPORATION COUNSEL
Indianapolis, IN

FILED

Jan 25 2019, 3:25 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

CONVENTION HEADQUARTERS )
HOTELS, LLC, )
 )
    Petitioner, )
 )
        v. ) Cause No. 18T-TA-00014
 )
MARION COUNTY ASSESSOR, )
 )
    Respondent. )

ORDER ON APPEAL FROM THE INDIANA BOARD OF TAX REVIEW
PURSUANT TO INDIANA CODE SECTIONS 6-1.1-15-4 AND 6-1.1-15-5

**FOR PUBLICATION**
**January 25, 2019**

WENTWORTH, J.

Convention Headquarters Hotels, LLC (CHH) has appealed the assessment of its real property for the 2010 tax year, claiming it violates the Equal Protection Clause of the U.S. Constitution, the Property Taxation and Equal Privileges and Immunities Clauses of Indiana's Constitution, and Indiana's market value-in-use standard. CHH also seeks an

award of costs, fees, and expenses, including reasonable attorney's fees, pursuant to 42 U.S.C. §§ 1983 and 1988(b).  As a threshold matter, however, the Court must determine whether it has subject matter jurisdiction over CHH's appeal.

## BACKGROUND

CHH owns the JW Marriott Hotel located in downtown Indianapolis, Center Township, Marion County, Indiana.  (Pet'r Pet. Judicial Review ("Pet'r Pet.") ¶¶ 6, 15.) On October 13, 2010, the Assessor mailed a Form 11 to CHH that increased its 2010 assessment from $18,479,100 to $86,987,100.  (See Pet'r Pet. ¶¶ 7, 19, Ex. A at 2-3.) On November 24, 2010, CHH filed a Form 130 Notice to Initiate an Appeal with the Marion County Property Tax Assessment Board of Appeals (PTABOA).  (See Pet'r Pet. ¶ 21.) The PTABOA, however, took no action on CHH's Form 130.  (Pet'r Pet. ¶ 22.)

Nearly seven years later, on June 6, 2017, CHH filed a Form 131 Petition for Review with the Indiana Board of Tax Review ("Form 131 petition").[1]  (See Pet'r Pet. ¶¶ 7, 23, Ex. A.)  The Indiana Board assigned a specific petition number to CHH's Form 131 but, like the PTABOA, took no further action on CHH's assessment challenge.  (See Pet'r Pet. ¶¶ 7, 10-11.)

On May 1, 2018, CHH filed a "Petition for Judicial Review" ("Petition") with the Tax Court, alleging that the Court had subject matter jurisdiction over its appeal because it arose under Indiana's tax laws.  (See Pet'r Pet. ¶¶ 4, 10-11.)  CHH also alleged that its appeal was properly before the Court pursuant to Indiana Code §§ 33-26-3-1, 33-26-3-2,

---

[1]  In June of 2017, taxpayers could bypass the PTABOA and go directly to the Indiana Board when the PTABOA failed to timely conduct a hearing on a taxpayer's assessment challenge.  See IND. CODE § 6-1.1-15-1(o) (2016) (providing that when any ptaboa fails to conduct a hearing on an appeal within 180 days of its filing, the appeal may proceed directly to the Indiana Board) (repealed July 1, 2017).

6-1.1-15-4, and 6-1.1-15-5.  (See Pet'r Pet. ¶¶ 4, 8, 10-13.)

On June 4, 2018, after holding a case management conference, the Court ordered the parties sua sponte to file briefs on the issue of subject matter jurisdiction.  That same day, however, the Assessor notified the Court that he had caused the case to be removed to federal court.  On August 29, 2018, after the federal court remanded the case to the Tax Court, the parties filed an "Agreed Motion for Briefing Schedule" on the question of subject matter jurisdiction.  The Court granted their Motion the next day, ordering them to file simultaneous briefs on October 12, 2018, and simultaneous response briefs on October 19, 2018.[2]

**LAW**

Subject matter jurisdiction, the power of a court to hear and determine a particular class of cases, can only be conferred upon a court by the Indiana Constitution or by statute.  Grandville Co-op., Inc. v. O'Connor, 25 N.E.3d 833, 836 (Ind. Tax Ct. 2015).  Consequently, the "'[t]he only relevant inquiry in determining whether any court has [] subject matter jurisdiction is to ask whether the kind of claim which the plaintiff advances falls within the general scope of the authority conferred upon [the] court by the constitution or by statute.'"  Marion Cty. Auditor v. State, 33 N.E.3d 398, 400-01 (Ind. Tax Ct. 2015) (quoting Pivarnik v. N. Ind. Pub. Serv. Co., 636 N.E.2d 131, 137 (Ind. 1994)).

The Tax Court is a court of limited jurisdiction.  IND. CODE § 33-26-3-1 (2018).  Its enabling legislation gives the Tax Court "exclusive jurisdiction over any case that arises

---

[2]  The Assessor filed a total of four briefs, two entitled "Respondent's Brief" and two entitled "Respondent's Reply Brief," because the Office of Corporation Counsel represents the Assessor in his individual capacity and the Attorney General represents him in his official capacity.  Consequently, the citations for these documents will include the specific filing dates and times to distinguish between them.

under the tax laws of Indiana and that is an initial appeal of a final determination made by" the Indiana Board. I.C. § 33-26-3-1. The Tax Court also has "any other jurisdiction conferred by statute[.]" IND. CODE § 33-26-3-2 (2018). See also IND. CODE § 33-26-3-3 (2018) (stating that the Court does not have "jurisdiction over a case unless . . . [it] has otherwise been specifically assigned jurisdiction by statute").

## ISSUE

The sole issue before the Court is whether it has subject matter jurisdiction to hear CHH's appeal.[3] Specifically, the Court must determine whether the Indiana Board's failure to hold a hearing or provide notice of its final determination in this matter gave CHH the right to a direct appeal to the Tax Court, thereby conferring subject matter jurisdiction, under Indiana Code § 6-1.1-15.

## ANALYSIS

CHH claims that the Court has subject matter jurisdiction over its case because together Indiana Code §§ 6-1.1-15-5 and 6-1.1-15-4 indicate that the Legislature intended to give taxpayers the discretion to proceed to the Tax Court when the Indiana Board fails to comply with its mandatory deadlines for holding hearings or issuing final determinations. (See Pet'r Br. Regarding Ct.'s Jurisdiction ("Pet'r Br.") at 3-7.) Indiana Code § 6-1.1-15-5(g) states:

> If the maximum time elapses for the Indiana board to give notice of

---

[3] The Assessor has also raised an issue that CHH's "arguments under 42 U.S.C. § 1983 are untimely and should be dismissed as time barred" pursuant to Indiana Trial Rules 12(B)(1) and 12(B)(6). (See Resp't Br. at 4-6 (filed 10/12/2018 5:31 PM).) The Court will not address this issue not only because the Court ordered the parties to submit briefs on subject matter jurisdiction only, but also because a finding that jurisdiction is lacking would render any rulings from the Court regarding the timeliness of CHH's § 1983 claim void. See Goldstein v. Indiana Dep't Local Gov't Fin., 876 N.E.2d 391, 393 (Ind. Tax Ct. 2007) ("'If a court does not have subject matter jurisdiction, any judgment that it renders is void'" (quoting State Bd. of Tax Comm'rs v. Ispat Inland, Inc., 784 N.E.2d 477, 481 (Ind. 2003))).

4

its final determination under . . . section 4 of this chapter, a party may initiate a proceeding for judicial review by taking the action required by subsection (b) at any time after the <u>maximum time elapses</u>.

IND. CODE § 6-1.1-15-5(g) (2017) (emphases added).  Moreover, Indiana Code § 6-1.1-15-4 states:

If the Indiana board fails to make a final determination within the time allowed by this section, the entity that initiated the petition may:

  (1) take no action and wait for the Indiana board to make a final determination; or

  (2) petition for judicial review under section 5 of this chapter.

IND. CODE § 6-1.1-15-4(i) (2017).  Accordingly, the Court must determine whether Indiana Code §§ 6-1.1-15-5 and 6-1.1-15-4 confer subject matter jurisdiction over CHH's appeal.

Indiana Code § 6-1.1-15-4 sets forth various procedures for the Indiana Board to follow when it reviews a taxpayer's assessment appeal.  See generally I.C. § 6-1.1-15-4. The statute provides that "the Indiana board shall conduct a hearing not later than nine (9) months after a petition in proper form is filed with the Indiana board[.]"  I.C. § 6-1.1-15-4(e).  The statute further provides that "[t]he Indiana board shall make a [final] determination not later than the later of:  (1) ninety (90) days after the hearing; or (2) the date set in an extension order issued by the Indiana board."  I.C. § 6-1.1-15-4(g).  "If the Indiana board fails to make a final determination within the time allowed by this section, [however,] the entity that initiated the petition may:  (1) take no action and wait for the Indiana board to make a final determination; or (2) petition for judicial review under section 5 of this chapter."  I.C. § 6-1.1-15-4(i).  Accordingly, if the Indiana Board fails to issue its final determination before "the maximum time elapses" within the statutory timeframe, Indiana Code § 6-1.1-15-5(g) permits the taxpayer to access the Tax Court's jurisdiction.

<u>See</u> I.C. § 6-1.1-15-5(g).

The question whether the Court has subject matter jurisdiction over CHH's case pursuant to Indiana Code § 6-1.1-15-5(g) depends on when "the maximum time elapses for the Indiana board to give notice of its final determination" under Indiana Code § 6-1.1-15-4. CHH has argued that the Court has jurisdiction over this case because the maximum time elapses when the Indiana Board fails to comply with the 9-month deadline for holding a hearing as required under Indiana Code § 6-1.1-15-4(e). (<u>See</u> Pet'r Br. at 5.) Indiana Code § 6-1.1-15-5(d) expressly states, however, that "[t]he failure of the Indiana board to conduct a hearing within the period prescribed in section 4(e) or 4(f) . . . does <u>not</u> constitute notice to the party of an Indiana board final determination." I.C. § 6-1.1-15-5(d) (emphasis added).

Conversely, the Assessor claims that because Indiana Code § 6-1.1-15-4(g) indicates that the period for giving notice starts after the Indiana Board conducts its hearing (if it elects to hold one), judicial review is unavailable until the Indiana Board actually holds a hearing or issues a final determination. (<u>See</u> Resp't Br. at 4-6 (filed 10/12/2018 1:08 PM); Resp't Reply Br. at 1-2 (filed 10/19/2018 2:55 PM).) Consequently, the Assessor argues that CHH's failure to exhaust its administrative remedies by obtaining a final determination from the Indiana Board has deprived the Court of subject matter jurisdiction.[4] (<u>See</u> Resp't Br. at 2-3, 6-7 (filed 10/12/2018 1:08 PM).)

---

[4] The Assessor also argues that CHH's appeal is improper because it requires the Court to consider new facts and arguments. (<u>See</u> Resp't Br. at 2-4, 6-7 (filed 10/12/2018 5:31 PM); Resp't Reply Br. (filed 10/19/2018 3:58 PM).) This argument is unpersuasive because Indiana Code § 6-1.1-15-5(g) expressly provides for <u>de novo</u> review. <u>See</u> IND. CODE § 6-1.1-15-5(g) (2018). <u>See also</u> <u>UACC Midwest, Inc. v. Indiana Dep't of State Revenue</u>, 667 N.E.2d 232, 235 (Ind. Tax Ct. 1996) (explaining that when the Court reviews a matter <u>de novo</u>, it is not bound by the issues or evidence presented at the administrative level).

Neither of the parties' statutory constructions give full effect to the meaning of the phrase "the maximum time elapsed." The primary goal of statutory construction is to determine and implement the intent of the Legislature in enacting the statute. See Hamilton Square Inv., LLC v. Hamilton Cty. Assessor, 60 N.E.3d 313, 317 (Ind. Tax Ct. 2016), review denied. The best evidence of this intent is found in the plain language of the statute itself, as chosen by the Legislature. See id.

Here, the statutory language plainly states that the Indiana Board is required to conduct a hearing at its earliest opportunity, but no later than 9 months after a proper petition for review is filed. See I.C. § 6-1.1-15-4(a), (e). In turn, the Indiana Board must make a determination no later than 90 days after the hearing is held. See I.C. § 6-1.1-15-4(g)(1). Accordingly, the "maximum time" that the Indiana Board has to give notice of its final determination, as defined in Indiana Code § 6-1.1-15-4, is the 9 months for conducting a hearing plus the 90 days thereafter that it has to issue its final determination, totaling one year. See I.C. § 6-1.1-15-4(e), (g)(1). Thus, the Tax Court has subject matter jurisdiction over this case if the Petition to the Tax Court was filed no earlier than one year after the Form 131 petition was filed with the Indiana Board. See I.C. § 6-1.1-15-5(g).

The Indiana Board's own rules support this finding because they refer to Indiana Code § 6-1.1-15-4's time limits and acknowledge that a party may obtain judicial review pursuant to Indiana Code § 6-1.1-15-5 if it fails to act within the specified time limits. See generally 52 IND. ADMIN. CODE 2-6-1, -4 (2018). Furthermore, the historical versions of Indiana Code §§ 6-1.1-15-4 and 6-1.1-15-5 support the Court's finding. The 1994 versions of these two statutes permitted parties to bypass the Indiana Board's predecessor, the State Board of Tax Commissioners, and file an appeal in the Tax Court

if the State Board failed to conduct a hearing and make a final determination within 12 months after it received a petition for review. See IND. CODE §§ 6-1.1-15-4(e), -5(b)-(d) (1994). The State Board's failure to hold a hearing and issue a final determination within 12 months was deemed to be notice of its final determination, but its failure to conduct a hearing alone was not deemed to be notice of its final determination. See I.C. §§ 6-1.1-15-4(e), -5(e) (1994). Therefore, the statutorily mandated 45-day period for initiating an appeal in the Tax Court began to run after the 12-month period lapsed. See I.C. §§ 6-1.1-15-4(e), -5(b)-(e) (1994).

The 2003 versions of the statutes at issue similarly permitted a party to bypass the Indiana Board and file an appeal with the Tax Court when the Indiana Board failed to conduct a hearing and make a final determination within 12 months of receiving a petition for review. See IND. CODE §§ 6-1.1-15-4(e), (g), -5(g) (2003). After the 12-month period elapsed, however, a petitioner could either initiate an appeal in the Tax Court, which was to be heard de novo, or wait for the Indiana Board to issue a final determination. See I.C. §§ 6-1.1-15-4(e), (g), (i), -5(c)-(d), (g) (2003). To give full effect to these provisions, the language equating the Indiana Board's failure to hold a hearing and issue a final determination within 12 months to the provision of notice of a final determination was removed, while the language stating that the Indiana Board's failure to hold a hearing was not notice of its final determination was left intact. Compare I.C. §§ 6-1.1-15-4(e), -5(d) (2003) with I.C. § 6-1.1-15-4(e), -5(d) (1994). The consequence of this change was that the Indiana Board's failure to conduct a hearing or make a final determination within 12 months no longer triggered the statutorily mandated period for appealing to the Tax Court. Compare I.C. §§ 6-1.1-15-4(e), -5(g) (1994) with I.C. §§ 6-1.1-15-4(e), (g), (i), -5(c)-(d)

8

(2003).  Thus, the historical versions of the statutes reveal that:  1) the Indiana Board has consistently been afforded up to 12 months to issue a final determination; and 2) as of 2003, a party could choose how to proceed if the Indiana Board failed to act within the 12-month period.

Under Indiana Code § 6-1.1-15-4 <u>and</u> the facts of this case, the Indiana Board was required to give the parties notice of its final determination no later than 12 months after the filing of CHH's Form 131 petition.[5]  CHH filed its Form 131 petition with the Indiana Board on June 6, 2017, and CHH filed its Petition with this Court on May 1, 2018, exactly 329 days later.  Consequently, the Court does not have subject matter jurisdiction over CHH's appeal because the maximum time for the Indiana Board to give notice of its final determination had not elapsed when CHH sought judicial review under Indiana Code §§ 6-1.1-15-4 and 6-1.1-15-5.

---

[5]  Other factors, such as time delays caused by petitioners or orders extending time, may alter when the maximum time elapses for the Indiana Board to give notice of its final determination. <u>See</u> <u>generally</u> IND. CODE § 6-1.1-15-4 (2018).

**CONCLUSION**

A party cannot confer subject matter jurisdiction upon a tribunal when the law otherwise does not confer such jurisdiction. See Goldstein v. Indiana Dep't Local Gov't Fin., 876 N.E.2d 391, 393 (Ind. Tax Ct. 2007). Consequently, the Court must DISMISS this appeal and REMAND the matter to the Indiana Board for action consistent with this opinion. Finally, once the maximum time for the Indiana Board to give notice of its final determination lapses (i.e., 366 days after CHH filed its Form 131 petition), CHH may once again seek direct review in the Tax Court.

SO ORDERED this 25th day of January 2019.

Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution:
David A. Suess, Daniel R. Roy, Benjamin A. Blair, Kelly S. Thompson, Zachary D. Price, Jessica R. Gastineau, Indiana Board of Tax Review