ATTORNEYS FOR PETITIONER:
**BENJAMIN A. BLAIR**
**DANIEL R. ROY**
**DAVID A. SUESS**
FAEGRE BAKER DANIELS LLP
Indianapolis, IN

ATTORNEY FOR RESPONDENT:
**JESSICA R. GASTINEAU**
SPECIAL COUNSEL - TAX LITIGATION
OFFICE OF CORPORATION COUNSEL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

FILED

Aug 16 2019, 4:50 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| CONVENTION HEADQUARTERS HOTELS, LLC, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Cause No. 19T-TA-00021 |
| MARION COUNTY ASSESSOR, | ) ) |
| Respondent. | ) ) |

## ORDER ON RESPONDENT'S MOTION TO DISMISS

**FOR PUBLICATION**
**August 16, 2019**

WENTWORTH, J.

Convention Headquarters Hotels, LLC (CHH) has challenged the 2010 assessment of its real property. The Marion County Assessor has moved to dismiss CHH's entire appeal or alternatively one of the six claims presented in its Petition for Judicial Review ("Petition") due to a variety of alleged procedural failures. Upon review, the Court denies the Assessor's Motion.

## FACTS

CHH owns the JW Marriot Hotel located in downtown Indianapolis, Center

Township, Marion County, Indiana. (Pet'r Pet. Judicial Review ("Pet'r Pet.") ¶ 15, Ex. A at 1.) On October 13, 2010, the Assessor mailed a Form 11 to CHH, increasing the assessment of its then partially complete hotel from $18,479,100 to $86,987,100 for the 2010 tax year. (See Pet'r Pet. ¶¶ 16-20.) CHH subsequently filed a "Notice to Initiate an Appeal" ("Form 130") with the Marion County Property Tax Assessment Board of Appeals (PTABOA). (Pet'r Pet. ¶ 22, Ex. A at 3-4.) The PTABOA took no action on CHH's Form 130. (See Pet'r Pet. ¶ 23.)

In May of 2017, CHH's attorneys received an e-mail from the Assessor's office, which indicated that "various properties in downtown Indianapolis were not assessed as partially complete." (See Pet'r Resp. Opp'n Resp't Mot. Dismiss ("Pet'r Resp. Br.") at 2, 12.) Believing that its property was assessed inequitably, CHH transitioned its appeal to the Indiana Board on June 6, 2017, by filing a "Petition for Review of Assessment Before the [Indiana Board]" ("Form 131 petition").[1] (See Pet'r Pet. ¶ 24, Ex. A at 2.) CHH claimed in its Form 131 petition that its 2010 assessment violated "the Constitution of the United States of America, including but not limited to the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment, and the Constitution of the State of Indiana, including but not limited to Article X, Section 1." (Pet'r Pet., Ex. A at 2.) The Indiana Board, however, did not conduct a hearing on CHH's Form 131 petition. (See Pet'r Pet. ¶¶ 9-10.)

On May 1, 2018, CHH filed its first direct appeal with the Court pursuant to Indiana

---

[1] Indiana Code § 6-1.1-15-1 allowed CHH to pursue its appeal with the Indiana Board without first receiving a final determination from the PTABOA. See IND. CODE § 6-1.1-15-1(o) (2017) (repealed 2017) (indicating that when a property tax assessment board of appeals fails to conduct a hearing on an appeal within 180 days of its filing, the appeal may proceed directly to the Indiana Board).

Code § 6-1.1-15-5(g), claiming its 2010 assessment violated the Equal Protection Clause of the U.S. Constitution, its civil rights under 42 U.S.C. § 1983, the Property Taxation and Equal Privileges and Immunities Clauses of Indiana's Constitution, and Indiana's market value-in-use standard. See Convention Headquarters Hotels, LLC v. Marion Cty. Assessor (Convention Headquarters I), 119 N.E.3d 245, 246-47 (Ind. Tax Ct. 2019). On January 25, 2019, the Court dismissed CHH's appeal for lack of subject matter jurisdiction, concluding it was filed before the maximum time for the Indiana Board to give notice of its final determination elapsed. See id. at 250. As a result, the matter was remanded to the Indiana Board for action consistent with the Court's opinion. Id.

On March 1, 2019, CHH filed its second direct appeal with the Court claiming, among other things, that its 2010 assessment violated the Due Process Clause of the U.S. Constitution as well as its civil rights under 42 U.S.C. § 1983. See Convention Headquarters Hotels, LLC v. Marion Cty. Assessor (Convention Headquarters II), 126 N.E.3d 80, 81 (Ind. Tax Ct. 2019). On May 22, 2019, the Court dismissed the appeal for lack of subject matter jurisdiction because CHH had once again filed the appeal before the maximum time for the Indiana Board to give notice of its final determination elapsed. See id. at 82-84. Accordingly, the Court remanded the matter to the Indiana Board for action consistent with its opinion. See id. at 84.

On June 28, 2019, after the maximum time for the Indiana Board to give notice of its final determination elapsed, CHH filed its third direct appeal with the Court. (See Pet'r Pet. ¶¶ 11, 13.) CHH's third direct appeal alleged, just as its first and second direct appeals, that the 2010 assessment of its real property violated the Equal Protection and Due Process Clauses of the U.S. Constitution, its civil rights under 42 U.S.C. § 1983

3

("1983 Claim"), the Property Taxation and Equal Privileges and Immunities Clauses of Indiana's Constitution, and Indiana's market value-in-use standard. (See, e.g., Pet'r Pet. ¶¶ 44-96.) On July 18, 2019, the Assessor filed a Motion to Dismiss. On August 5, 2019, after the matter was fully briefed, the Court took the Assessor's Motion under advisement. Additional facts will be supplied when necessary.

## LAW AND ANALYSIS

The Assessor maintains that CHH's appeal should be dismissed "for [various] procedural failures[.]" (Resp't Mot. Dismiss.) More specifically, the Assessor asks the Court to dismiss CHH's appeal with prejudice because it did not include a request that the Indiana Board prepare a certified copy of the administrative record in its Petition. (See Resp't Corrected Br. Supp. Mot. Dismiss ("Resp't Br.") at 2-6.) Alternatively, the Assessor requests that the Court dismiss CHH's 1983 Claim pursuant to Indiana Trial Rule 12(B)(1) and 12(B)(6) because a) it was not timely filed; b) CHH failed to file a tort claim notice; and c) CHH failed to include the 1983 Claim in its Form 131 petition to the Indiana Board. (See Resp't Br. at 6-10.)

### I. Failure to request a certified copy of the administrative record

The Assessor contends that to invoke this Court's jurisdiction CHH needed to include a request in its Petition that the Indiana Board prepare a certified copy of the administrative record as required by Indiana Tax Court Rule 3(F). (See Resp't Br. at 2-6.) The Assessor explains that CHH's failure to do so places the Court at a disadvantage by preventing it from "easily distinguish[ing] between an appeal brought after all evidence has been presented at trial, an appeal brought to avoid trial on the eve of trial, an appeal brought to delay scheduled depositions, or an appeal brought when a petitioner has not

4

taken any action to move forward with its case." (Resp't Br. at 4.) The Court finds the Assessor's arguments unpersuasive.

Indiana Tax Court Rule 3(F) requires the petition in an appeal from a final determination of the Indiana Board to include a request that the Indiana Board prepare a certified copy of the agency record. Ind. Tax Court Rule 3(F). Tax Court Rule 3(F), however, does not apply in this case because CHH is not appealing from a <u>final determination</u> of the Indiana Board. (<u>See</u> Pet'r Pet. ¶¶ 8-13.) Instead, CHH initiated its appeal under Indiana Code § 6-1.1-15-5(g), which confers jurisdiction to the Tax Court when the Indiana Board fails to give notice of its final determination before its maximum time elapses. <u>See</u> IND. CODE § 6-1.1-15-5(g) (2019) (amended 2019); <u>see also</u> IND. CODE § 33-26-3-2 (2019) (stating that the Tax Court has "any [] jurisdiction conferred by statute").

Neither the Tax Court Rules nor the statutory authority regarding the initiation of this appeal require that a request for a copy of the certified record be made. <u>See, e.g.</u>, I.C. § 6-1.1-15-5(g); IND. CODE § 6-1.1-15-6(a) (2019) (providing that "<u>[e]xcept with respect to a petition filed under section 5(g) of this chapter</u>, if a petition for judicial review is initiated by a person under section 5 of this chapter, the Indiana board shall prepare a certified record of the proceedings related to the petition") (emphasis added) (amended 2019). Moreover, the certified record would be superfluous under the circumstances that confer jurisdiction under Indiana Code § 6-1.1-15-5(g), which states that "the tax court shall determine the matter <u>de novo</u>." I.C. § 6-1.1-15-5(g). <u>See also</u> <u>Convention Headquarters I</u>, 119 N.E.3d at 249 n.4 (providing that when this Court "reviews a matter <u>de novo</u>, it is not bound by the issues or evidence presented at the administrative level")

5

(citation omitted).  Accordingly, the Court will not dismiss CHH's appeal on this basis.

## II.  The 1983 Claim

As just mentioned, the Assessor also contends that CHH's 1983 Claim should be dismissed because a) it was not timely filed; b) CHH did not file a tort claim notice; and c) CHH did not include the 1983 Claim in its Form 131 petition to the Indiana Board.  (See Resp't Br. at 7-10.)  CHH responds that none of the Assessor's arguments are supported by the applicable law or the relevant facts.  (See Pet'r Resp. Br. at 8-23.)

### A.  Timely filed

First, the Assessor contends that CHH's 1983 Claim is time-barred because it was filed years after the applicable statute of limitations expired.  (See Resp't Br. at 7-8 (citing Devbrow v. Kalu, 705 F.3d 765, 767 (7th Cir. 2013) (indicating a two-year statute of limitations applies)).)  More specifically, the Assessor asserts that CHH's Petition indicates the 1983 Claim accrued on the date CHH received the Form 11 that increased its 2010 assessment, i.e., October 13, 2010.  (See Resp't Br. at 7-8 (citing Pet'r Pet. at 3-4).)  Because CHH did not file the 1983 Claim with the Court until May 1, 2018, the Assessor contends it was not timely and should be dismissed.  (See Resp't Br. at 8.)

Both parties agree that Indiana's statute of limitations for personal injury claims applies for purposes of determining the applicable statute of limitations here.  (Compare Resp't Br. at 8 with Pet'r Resp. Br. at 9-10.)  See also, e.g., Wallace v Kato, 549 U.S. 384, 387 (2007) (providing that "federal law looks to the law of the State in which the cause of action arose" to determine the statute of limitations for 42 U.S.C. § 1983 claims); accord Sellars v. Perry, 80 F.3d 243, 245 (7th Cir. 1996).  The applicable statute of limitations in Indiana is two-years after the cause of action accrues.  See IND. CODE § 34-11-2-4(a)

(2019). Although Indiana law determines the applicable statute of limitations, federal law determines when a Section 1983 claim, like the one at issue here, accrues. Sellars, 80 F.3d at 245. To that end, a Section 1983 claim ordinarily accrues when a petitioner "knows or has reason to know of the injury that is the basis of his action." Id. Nonetheless, "a statute of limitations can be tolled based upon equitable principles, including the discovery rule." See Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citation omitted). See also Perryman v. Motorist Mut. Ins. Co., 846 N.E.2d 683, 688 (Ind. Ct. App. 2006) (indicating that the discovery rule applies to all tort cases). "The discovery rule provides that a cause of action accrues when a party knows or in the exercise of ordinary diligence could discover, that . . . an injury had been sustained as a result of the tortious act of another." Id. at 687-88 (citation omitted). "The rationale underlying the rule suggests that it is 'inconsistent with our system of jurisprudence to require a claimant to bring his cause of action in a limited period in which, even with due diligence, he could not be aware a cause of action exists.'" Id. at 688 (citation omitted).

In the case at bar, the Assessor alleges that CHH's injury accrued on the date it received the Form 11 notice increasing its 2010 assessment, but the Assessor has not persuasively disputed CHH's assertion that it did not know or have reason to know that its equal protection and due process rights were violated until it received the e-mail from the Assessor's office in May of 2017 that revealed new facts. (Compare Pet'r Resp. Br. at 2, 11-13 (explaining how CHH learned of the alleged injury) with Resp't Reply Supp. Mot. Dismiss ("Resp't Reply Br.") at 2 (suggesting implicitly that CHH should have combed through publicly available information regarding other taxpayers' assessments upon receiving its Form 11 to discover the alleged injury).) Therefore, the Court finds that the

discovery rule applies and the two-year statute of limitations for CHH's 1983 Claim began to run in May 2017, not October 2010.  This finding, however, does not resolve this issue because CHH asserts that the 1983 Claim presented in its third direct appeal is timely under the Journey's Account Statute.[2]  (See Pet'r Resp. Br. at 13-17.)

The Journey's Account Statute provides:

(a) This section applies if a plaintiff commences an action and:

    (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

    (2) the action abates or is defeated by the death of a party; or

    (3) a judgment is arrested or reversed on appeal.

(b) If subsection (a) applies, a new action may be brought not later than the later of:

    (1) three (3) years after the date of the determination under subsection (a); or

    (2) the date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff.

IND. CODE § 34-11-8-1 (2019).  The purpose of this Statute "'is to provide for continuation when a plaintiff fails to obtain a decision on the merits for some reason other than his own neglect and the statute of limitations expires while his suit is pending.'"  Munoz v. Woroszylo, 29 N.E.3d 164, 168 (Ind. Ct. App. 2015) (citation omitted).  Thus, in certain circumstances, the Statute permits a party to refile an action that has been dismissed on technical grounds.  Id.  "To invoke the benefits of the [Statute], a claimant must have

---

[2]  The Assessor has not provided a direct response to CHH's claim.  (See generally Resp't Reply Supp. Mot. Dismiss.)

commenced a timely action that failed for reasons other than 'negligence in the prosecution.'" Eads v. Cmty. Hosp., 932 N.E.2d 1239, 1243 (Ind. 2010) (quoting I.C. § 34-11-8-1(a)). "Moreover, the decision ending the original action must not have been on the merits[,]" and the claimant must meet all of the Statute's conditions. Vesolowski v. Repay, 520 N.E.2d 433, 435 (Ind. 1988) (citation omitted). "The Journey's Account Statute is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits." Id. Therefore, this "broad and liberal purpose is not to be frittered away by narrow construction." Id.

In this case, the facts establish that CHH, in good faith, pursued a logical course of administrative and judicial review to redress its alleged constitutional violations. CHH's first two direct appeals to this Court filed in May 2018 and March 2019 were timely because they were filed within two years of the date the 1983 Claim accrued (i.e., May 2017). Neither of those direct appeals were dismissed for reasons amounting to negligence in the prosecution and the dismissals were not on the merits. See, e.g., Eads, 932 N.E.2d at 1244 (providing that failing to pay the filing fee or naming the wrong party are examples of negligence in the prosecution). See also, e.g., Irwin Mortg. Corp. v. Marion Cty. Treasurer, 816 N.E.2d 439, 442-45 (Ind. Ct. App. 2004) (holding that a plaintiff's federal claims were not time-barred after it erroneously initiated an action in an administrative forum, pursued judicial review of the agency's decision in both the Tax Court and Indiana Supreme Court, and then filed the same action in a court of general jurisdiction). Furthermore, CHH filed its third direct appeal with the Court on June 28, 2019, well within the three year period required by the Journey's Account Statute. See I.C. § 34-11-8-1(b)(1). Therefore, under the Journey's Account Statute, CHH's third direct

appeal to the Tax Court is a continuation of its two prior direct appeals to the Court, each of which properly stated the 1983 Claim against the Assessor. Accordingly, the Court finds no basis to dismiss CHH's 1983 Claim under this theory because the 1983 Claim was timely filed.

## B. Tort Claim Notice

Next, the Assessor requests that the Court dismiss the 1983 Claim because CHH failed to comply with the notice provisions of the Indiana Tort Claims Act ("ITCA") by filing a tort claim notice before initiating its appeal. (See Resp't Br. at 8.) Under the ITCA, tort claims against political subdivisions and their employees generally are barred unless proper notice is given within 180 days after the loss occurs. See IND. CODE § 34-13-3-8(a) (2019). Nonetheless, it is well-established that the ITCA does not apply to claims based on 42 U.S.C. § 1983. See, e.g., Felder v. Casey, 487 U.S. 131, 134-53 (1988) (preempting the application of Wisconsin's notice-of-claim statute to a 42 U.S.C. § 1983 action brought in state court); Cantrell v. Morris, 849 N.E.2d 488, 506 (Ind. 2006) (stating "the ITCA does not apply to claims based on 42 U.S.C. § 1983" (citation omitted)); Kellogg v. City of Gary, 562 N.E.2d 685, 689-90 (Ind. 1990) (holding that pursuant to Felder, "state notice-of-claim statutes are inapplicable to federal § 1983 litigation[,]" including the ITCA). Consequently, the Court will not dismiss CHH's 1983 Claim on this basis.

## C. Failure to include the 1983 Claim in the Form 131 petition

Finally, the Assessor urges the Court to dismiss the 1983 Claim because this is a new issue raised for the first time in its Petition to the Tax Court. (See Resp't Br. at 8-9 (asserting under Indiana Code §§ 6-1.1-15-3(e), 6-1.1-15-4, and 6-1.1-15-5 as well as 52 I.A.C. 2-5-2, CHH was required to amend its Form 131 petition to place the 1983 Claim

before the Indiana Board prior to presenting it to the Court).)  As support, the Assessor interprets the term "<u>de novo</u>" as used in Indiana Code § 6-1.1-15-5(g) in light of its location within the property tax statutes, explaining that its location gives it a different meaning than other <u>de novo</u> proceedings.  (<u>See</u> Resp't Br. at 9-10 (quoting I.C. § 6-1.1-15-5(g) (emphasis added)).)  (<u>See</u> <u>also</u> Resp't Reply Br. at 1-2.)

The plain meaning of the statutory language at issue simply states that the Tax Court, as distinct from the Indiana Board, will conduct a <u>de novo</u> proceeding.  <u>See</u> I.C. § 6-1.1-15-5(g).  <u>See</u> <u>also</u> BLACK'S LAW DICTIONARY 1813 (11th ed. 2019) (defining "trial <u>de novo</u>" as "[a] new trial on the entire case – that is, on both questions of fact and issues of law – conducted as if there had been no trial in the first instance") (emphasis added). Here, the Assessor's interpretation of "<u>de novo</u>" tortures the simplicity of the Legislature's command because the general procedure for property tax appeals has not occurred in an Indiana Code § 6-1.1-15-5(g) appeal.  Therefore, in cases like this one, if the Tax Court was not assigned the duty of conducting a <u>de novo</u> proceeding, the petitioner would not be afforded any opportunity to present his issues and evidence to a finder of fact. Consequently, the Court declines to dismiss CHH's 1983 Claim on this basis as well.

## CONCLUSION

For the above-stated reasons, the Court DENIES the Assessor's Motion to Dismiss.

SO ORDERED this 16th day of August 2019.

Martha Blood Wentworth, Judge
Indiana Tax Court

11

Distribution:
Benjamin A. Blair, Daniel R. Roy, David A. Suess, Jessica R. Gastineau