ATTORNEYS FOR PETITIONER:
**DAVID A. SUESS**
**ABRAHAM M. BENSON**
**BENJAMIN A. BLAIR**
FAEGRE BAKER DANIELS LLP
Indianapolis, IN

ATTORNEY FOR RESPONDENT:
**JESSICA R. GASTINEAU**
SPECIAL COUNSEL - TAX LITIGATION
OFFICE OF CORPORATION COUNSEL
Indianapolis, IN

**FILED**
Sep 17 2019, 2:00 pm
**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| ROLLS-ROYCE CORPORATION, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 19T-TA-00024 |
| | ) |
| MARION COUNTY ASSESSOR, | ) |
| | ) |
| Respondent. | ) |

## ORDER ON RESPONDENT'S SECOND MOTION TO DISMISS

**FOR PUBLICATION**
**September 17, 2019**

WENTWORTH, J.

Rolls-Royce Corporation has appealed the assessments of its real property for the 2012 through 2016 tax years. The Marion County Assessor has filed a second Motion to Dismiss Rolls-Royce's appeal, claiming that it failed to 1) state a claim upon which relief can be granted, 2) comply with certain statutory prerequisites, and 3) exhaust its administrative remedies. Upon review, the Court denies the Assessor's Motion.

## FACTS

Rolls-Royce owns an industrial manufacturing facility that it refers to as Rolls-Royce Plant 8 located in Indianapolis, Wayne Township, Marion County, Indiana. (Pet'r

Pet. Judicial Review ("Pet'r Pet.") ¶¶ 3-4.) The Assessor assigned the property a total assessed value of $12,083,800 for 2012, $12,293,600 for 2013, $9,505,400 for 2014, $11,047,800 for 2015, and $11,036,500 for 2016. (See Pet'r Pet. ¶¶ 6, 8, 10, 12, 14.) Rolls-Royce subsequently protested the assessments to the Marion County Property Tax Assessment Board of Appeals ("PTABOA") by filing "Notice[s] to Initiate an Appeal" with the Assessor. (Pet'r Pet. ¶¶ 7, 9, 11, 13, 15.) The PTABOA, however, did not act upon Rolls-Royce's protests in a timely manner. (See Pet'r Pet. ¶ 16.)

On March 6, 2018, Rolls-Royce transitioned its appeals to the Indiana Board of Tax Review by filing "Petition[s] for Review of Assessment[s] Before the [Indiana Board]" ("Form 131 petitions").[1] (Pet'r Pet. ¶ 16, Exs. 1-5.) Rolls-Royce's Form 131 petitions provided that it was appealing its 2012 through 2016 assessments because they exceeded the market value-in-use of the property. (See, e.g., Pet'r Pet. ¶ 16, Ex. 1 at 2.) The Indiana Board, however, did not conduct a hearing or issue final determinations on Rolls-Royce's appeals. (See Pet'r Pet. ¶¶ 17-18.)

On June 28, 2019, after the maximum time for the Indiana Board to give notice of its final determinations elapsed, Rolls-Royce filed a direct appeal with the Court pursuant to Indiana Code § 6-1.1-15-5(g). (See Pet'r Pet. ¶¶ 18-19.) See also Convention Headquarters Hotels, LLC v. Marion Cty. Assessor (Convention Headquarters I), 119 N.E.3d 245, 250 (Ind. Tax Ct. 2019) (holding that under the facts of that case, the maximum time for the Indiana Board to give notice of its final determination lapsed on the 366th day after the taxpayer filed its appeal with the Indiana Board). On July 18, 2019,

---

[1] Indiana Code § 6-1.1-15-1.2 allowed Rolls-Royce to pursue its appeal with the Indiana Board without first receiving a final determination from the PTABOA. See IND. CODE § 6-1.1-15-1.2(k) (2018) (indicating that when a property tax assessment board of appeals fails to conduct a hearing on an appeal within 180 days of its filing, the appeal may proceed directly to the Indiana Board).

the Assessor filed his first motion to dismiss, arguing that Rolls-Royce's appeal should be dismissed due to certain procedural failures. (See, e.g., Pet'r Resp. Opp'n Resp't Mot. Dismiss ("Pet'r Resp. Br.") at 2.) The Court denied that motion on August 8, 2019. (See, e.g., Pet'r Resp. Br. at 2.) On August 19, 2019, the Assessor filed his second Motion to Dismiss ("Motion"), claiming that Rolls-Royce's appeal "should be dismissed for failure to state a claim and failure to comply with judicial review procedures." (Resp't Mot. Dismiss.) On September 5, 2019, after the matter was fully briefed, the Court took the Assessor's Motion under advisement. Additional facts will be supplied when necessary.

## LAW AND ANALYSIS

The Assessor maintains that Rolls-Royce's appeal should be dismissed under Indiana Trial Rules 12(B)(1) and 12(B)(6) because it failed to 1) state a claim for which relief can be granted, 2) comply with the statutory prerequisites barring the Court's exercise of its subject matter jurisdiction, and 3) exhaust its administrative remedies. (See generally Resp't Br. Supp. Mot. Dismiss ("Resp't Br.").) Rolls-Royce maintains, however, that the Assessor's Motion should be denied because, among other things, it "seeks to relitigate multiple decisions handed down by this Court just days before the Motion was filed" and is thus repetitive and frivolous. (Pet'r Resp. Br. at 10.) As a result, Rolls-Royce has asked the Court for an award of reasonable attorney's fees for responding to the Motion. (Pet'r Resp. Br. at 10.)

At the outset, all of the Assessor's claims are rooted in the premise that the Tax Court is a record-reviewing court – an intermediate reviewer – in all property tax cases rather than a trier of fact. (See generally Resp't Br.) The Legislature removed the Indiana Board's jurisdiction to determine property tax cases, like this one, however, when the

3

Indiana Board fails to decide the matter within the prescribed statutory timeframe. See IND. CODE § 6-1.1-15-5(g) (2019) (amended 2019) (providing that if the Indiana Board fails to issue a final determination before the "maximum time elapses," a taxpayer may file a direct appeal with the Tax Court). See also Convention Headquarters I, 119 N.E.3d at 248-50 (interpreting Indiana Code §§ 6-1.1-15-4 and 6-1.1-15-5). In place of the Indiana Board's administrative adjudication, the Legislature conferred jurisdiction to the Tax Court "to determine the matter de novo." I.C. § 6-1.1-15-5(g).

When the Court reviews a matter de novo under Indiana Code § 6-1.1-15-5(g), it is not bound by the issues or evidence presented at the administrative level. See Convention Headquarters Hotels, LLC v. Marion Cty. Assessor (Convention Headquarters III), Case No. 19T-TA-00021, slip. op. at 11, 2019 WL 3955388, at *5 (Ind. Tax. Ct. Aug. 16, 2019); Convention Headquarters I, 119 N.E.3d at 249 n.4. Accordingly, Indiana Code § 6-1.1-15-5(g) expressly requires the Tax Court to exercise its jurisdiction in a new beginning, unfettered by adherence to executive branch administrative procedures.

### 1. Failure to state a claim

The Assessor asserts that Rolls-Royce has failed to state a claim on which relief can be granted because its Tax Court Petition contains "arguments and averments that are outside the scope of its [Form 131 petitions.]" (Resp't Br. at 5.) The Assessor's claim fails, however, because it is based on the faulty premise that the Tax Court is bound by the Indiana Board's procedural statutes and regulations. The Tax Court's de novo determination is governed by its own judicial procedure, under which Rolls-Royce has pled a compliant claim for relief. See Ind. Trial Rule 8(A). As a result, the Court will not

dismiss Rolls-Royce's appeal on this ground.

## 2. Failure to comply with statutory prerequisites

The Assessor further contends that Rolls-Royce failed to comply with judicial review procedures, preventing the Court from exercising its subject matter jurisdiction in this case. (See Resp't Br. at 6-7.) Specifically, the Assessor claims that Rolls-Royce did not provide the reasons it believed its assessments were erroneous as required under Indiana Code § 6-1.1-15-3(e)[2] and 52 IAC 2-5-1-(c)[3] and it did not comply with the Indiana Board's procedural rules to add new arguments under 52 IAC 2-5-2.[4] (Resp't Br. at 6-7.)

Although the Assessor's claims of procedural failures may have had legs in an administrative appeal, they do not apply to the Tax Court's de novo review. Indeed, the Tax Court has its own procedural prerequisites that govern its de novo reviews. See, e.g., Ind. Tax Ct. Rule 1 (providing that the Indiana Trial Rules shall apply unless they are "clearly inconsistent" with a more specific Tax Court Rule); Ind. Tax Ct. Rule 12(B) (regarding the filing of motions, responses, and replies). Moreover, Rolls-Royce's Form

---

[2] Indiana Code § 6-1.1-15-3(e) provides:

> The Indiana board shall prescribe the form of the petition for review of an assessment determination or an exemption by the county board. The Indiana board shall issue instructions for completion of the form. The form and the instructions must be clear, simple, and understandable to the average individual. A petition for review of such a determination must be made on the form prescribed by the Indiana board. The form must require the petitioner to specify the reasons why the petitioner believes that the assessment determination or the exemption determination by the county board is erroneous.

IND. CODE § 6-1.1-15-3(e) (2018) (amended 2019).

[3] 52 IAC 2-5-1(c) provides that Indiana Board petitions "shall include all information requested on the petition form." 52 IND. ADMIN. CODE 2-5-1(c) (2018).

[4] 52 IAC 2-5-2 imposes deadlines for, and details the process regarding, the amendment of Indiana Board petitions. See generally 52 IND. ADMIN. CODE 2-5-2 (2018).

131 petitions do provide the reason that it believed its assessments were erroneous (i.e., the assessments exceeded the property's market value-in-use) and the Tax Court's procedural rules do not prescribe rules for raising "new arguments" because all arguments are justiciable in a de novo proceeding. As a result, the Tax Court will not dismiss Rolls-Royce's appeal on this ground.

### 3. Failure to exhaust administrative remedies

Lastly, the Assessor claims that this case should be dismissed because Rolls-Royce failed to exhaust its administrative remedies. (See Resp't Br. at 7-9.) The Assessor explains that Rolls-Royce "chose to bypass [the administrative appeal] process" and prematurely appeal. (Resp't Br. at 7.)

The Legislature addressed the very circumstance where the Indiana Board fails to provide its administrative determination within the statutory timeframe. See I.C. § 6-1.1-15-5(g). By adopting the remedy of direct appeal to the Tax Court under this statute, therefore, Rolls-Royce has not chosen to bypass the administrative appeal process, but has exhausted its administrative remedies by taking the path the Legislature laid. Accordingly, the Tax Court will not dismiss Rolls-Royce's appeal on this ground either.

### 4. Attorney's Fees

Rolls-Royce has asked the Court for an award of reasonable attorney's fees because it had to respond to the Assessor's purportedly repetitive Motion. (Pet'r Resp. Br. at 10.) The Court, however, finds that the Assessor's Motion is not repetitive because it brought up different claims than the claim presented in his first motion to dismiss. Accordingly, the Court will not award Rolls-Royce reasonable attorney's fees for responding to the Assessor's Motion.

**CONCLUSION**

For the above-stated reasons, the Court DENIES both the Assessor's Motion and Rolls-Royce's request for an award of attorney's fees.

SO ORDERED this 17th day of September 2019.

Martha Blood Wentworth, Judge
Indiana Tax Court

<u>DISTRIBUTION</u>:
David A. Suess, Abraham M. Benson, Benjamin A. Blair, Jessica R. Gastineau